## CONRAD v. WILSON.

CHATTEL MORTGAGE.—*Sale of Mortgaged Goods on Execution.—Justice of the Peace.*—On the filing of an affidavit by the judgment creditor, alleging that delay in issuing execution will endanger the collection of his judgment, a justice of the peace may issue an execution thereon. immediately on its rendition ; and a sale, by a constable, on such execution, after due notice, of goods covered by a chattel mortgage, is not void.

RECORD.—*Exception to Rejection of Evidence.—Motion for New Trial.*— The fact that an exception was reserved to the rejection of evidence offered must be made to appear by the record ; a mere allegation in the motion for a new trial, that such exception was reserved, not being sufficient.

From the Rush Circuit Court.

*W. Cassady, J. Helm, Jr.*, and *G. W. Spahr*, for appellant.

Conrad v. Wilson.

PERKINS, J.—Action to recover personal property, commenced before a justice of the peace.

Appeal to the circuit court, where the cause was submitted to the court and decided. The following is an agreed historical statement on which the cause is to be decided in this court:

" That, on the 5th day of March, 1874, the plaintiff in this case was sued by Uriah Thomas, on his, plaintiff's, promissory note, for the sum of $171.46; that said suit was brought before one Robert N. Hinchman, a justice of the peace in and for Rushville township, and a summons was legally issued by said justice and served upon this plaintiff, John Conrad ; that afterward, to wit, on the 9th day of March, at the hour of ten o'clock, the time named in said summons for the trial of said cause, the plaintiff, John Conrad, who was the defendant in the case at that time, failed to appear, whereupon judgment was rendered against said plaintiff, John Conrad, in favor of said Uriah Thomas ; and upon the same day Uriah Thomas filed his affidavit with the justice, stating that said plaintiff, Conrad, was placing his property out of his hands for the purpose of defrauding his creditors, whereupon said justice issued execution in favor of said Thomas, and delivered the same to one George Gwinn, constable, who, on the tenth day of March, 1874, proceeded to take, and did take and levy upon, said property in controversy, by virtue of the execution aforesaid ; and that afterward the said constable legally advertised and sold said property, under and by virtue of said execution, at public outcry, to the highest bidder, and this defendant, George Wilson, did then and there purchase said property in controversy, from said constable, for the sum of fifty-five dollars ; and on the sixth day of March, 1874, on the day of the service of the summons aforementioned in the suit between Uriah Thomas and this plaintiff, John Conrad, the said Conrad,

plaintiff, made and executed and delivered a certain chattel mortgage to his father, Reuben Conrad, upon this property in controversy, to secure the payment of a certain promissory note for the sum of $800, payable December 25th, 1874, which mortgage was recorded legally and duly in Rush county, within the ten days from its date; and at the said sale of said property by the said constable, full notice was given by this plaintiff, to the defendant, of the existence of said chattel mortgage, and after the sale of said property and its delivery to this defendant, said plaintiff, John Conrad, who was the execution defendant at that time, demanded the surrender of this property, or to comply with conditions of this mortgage, or to pay the same to the mortgagee, Reuben Conrad, which said defendant refused to do; whereupon said execution defendant, John Conrad, the plaintiff in this case, replevied the same, and, on the trial of this cause, the plaintiff offered in evidence the chattel mortgage, a copy of which is filed herewith and made a part hereof, marked 'B,' made by John Conrad to Reuben Conrad, which the court refused to admit, which mortgage reads as follows:

" ' In consideration of the sum of eight hundred dollars in hand paid by Reuben Conrad, I have bargained and sold, and do hereby sell and convey, to the said Reuben Conrad, the goods and chattels mentioned in the schedule hereto annexed. In witness whereof I have set my hand and seal, this 7th day of March, 1874.

" ' John Conrad. [Seal.]

" ' Memorandum: My two horses, one cow, one two-year-old heifer, one yearling calf, wagon and harness, buggy and harness, nineteen head of hogs, and all my household and kitchen furniture, and all my property subject to execution, including twenty acres of growing wheat.

" ' The above mortgage is made to secure the said Reuben Conrad in a certain promissory note of this date.

·Now, if the said John Conrad shall punctually pay said sum of money, with the interest, when the same shall be-come due, then this conveyance shall become void, etc. John Conrad is to retain possession of said property till said debt becomes due, when on non-payment he is to re-deliver said property to said Reuben Conrad.'

" The mortgage was duly signed and acknowledged, and filed for record, March 14th, 1874, at 2 o'clock P. M."

This was all the evidence in the cause.

A motion for a new trial was overruled and judgment for the defendant entered. The grounds of the motion for a new trial were, finding contrary to law and evidence, and error of law on the trial, in refusing to admit the mort-gage in evidence. Errors are assigned, that the finding was against the law and the evidence, and that the court erred in overruling the motion for a new trial.

The refusal to admit the mortgage in evidence was not excepted to. The statement in the overruled motion for a new trial is not evidence.

No effort was made to prevent the sale upon the execu-tion. We think such sale was not void. 2 R. S. 1876, pp. 207, 630, secs. 436, 76.

And the mortgage upon the property not being in evi-dence, we see no reason presented why the purchaser should not have been allowed to take and retain possession.

The judgment is affirmed, with costs.