Nov. Term, 1836.

The Guaga Iron Company v. Dawson.

---

## The Guaga Iron Company *v.* Dawson.

A corporation legally created in any one of the states, may sue in the Courts of this state.

If the declaration aver that the plaintiffs are a corporation by virtue of a certain statute, a plea denying the existence of the statute, is in substance a denial of the existence of the corporation.

A person sued by a corporation on a contract made with the plaintiffs as a corporation, is not estopped from denying that the corporation existed at the time the suit was commenced. *Quære,* whether he is estopped from denying the existence of the corporation at the date of the contract.

Saturday, December 31.

ERROR to the *Vermillion* Circuit Court.

BLACKFORD, J.—This was an action of indebitatus assumpsit, brought by *The Guaga Iron Company* against *Joseph Dawson,* for goods sold and delivered.

The declaration commences as follows: *The Guaga Iron*
*Company* complains of *Joseph Dawson*, &c.  For that whereas
the said plaintiffs, by an act of the legislature of the state of
*Ohio*, were incorporated and made a body politic and corpo-
rate in law, by the name and title of *The Guaga Iron Com-*
*pany*, with powers, &c.  The defendant pleaded four pleas,
but the decision of this case only requires us to notice the third
one.  The defendant, in that plea, says *actio non*, because he
says that there is no such record or act of the legislature of
the state of *Ohio*, as is alleged in the declaration.  The plea
was demurred to for the following causes:  First, The matter,
if pleadable, can only be pleaded in abatement;  secondly, The
plea tenders an immaterial issue; thirdly, The plea amounts to
the general issue.  The Court overruled the demurrer, and
gave judgment for the defendant.

Before we examine the errors assigned in the record, it is
necessary to dispose of an objection to the action raised in the
argument by the defendant.  He contends that the plaintiffs
are a foreign corporation as the declaration shows, and that,
therefore, though the defence be ever so objectionable, they
have no right to recover.  There is no difficulty on this point.
A corporation legally created in any one of the states, may
sue in the Courts of any other state. 2 Kent's Comm. 284.—
*The Silver Lake Bank* v. *North*, 4 Johns. Ch. Rep. 370 (1).

This preliminary question being thus disposed of, it becomes
necessary to examine the validity of the objections made by
the plaintiffs to the plea; and to do that, the character of the
plea must first be ascertained.  The plaintiffs aver in the de-
claration, that they are a corporation, by virtue of a statute of
the state of *Ohio*.  They rely, therefore, on that statute for
their authority to sue in the name of *The Guaga Iron Com-*
*pany*.  If there is no such statute, the plaintiffs, by their own
showing, have no existence; and the plea denying the exist-
ence of that statute must, in substance, be a denial of the exist-
ence of the corporation.  We shall, consequently, consider the
objections made to the plea, as if they were made to a plea of
*nul tiel corporation*.

The first cause of demurrer assigned is, that the matter
of the plea can only be pleaded in abatement.  Were this a
plea of misnomer, the objection would be valid; but that is
not the nature of the plea.  It is not, that the plaintiffs have

Nov. Term, 1836.

THE GUAGA IRON COMPANY v. DAWSON.

a different name by which they should have sued; but it is, that they have no existence, and, of course, that they have no cause of action. In *Viner's* Abridgment, the law is stated in the following language: "In an action by a corporation or natural body, misnomer of the one or the other goes but to the writ, but to say that no such person *in rerum natura*, or no such body politic, this is in bar; for if he be misnamed, he may have a new writ by the right name; but if there be no such body politic, or such person, then he cannot have an action." 6 Viner's Abr. 308. The same doctrine is found in *Kyd* on Corporations, Vol. 1, p. 284, and in the case of *The Mayor and Burgesses of Stafford* v. *Bolton*, 1 Bos. & Pull. 40. These authorities clearly show, that the plaintiffs' objection to this plea, merely because it is not a plea in abatement, cannot be sustained.

The second cause of demurrer assigned is, that the plea tenders an immaterial issue. What has been already said is a sufficient answer to this objection. If there was no such act of incorporation as the plaintiffs rely on to show their existence, they have no cause of action against the defendant. Whether there was such an act or not, is the question raised by the plea. The issue tendered, therefore, is material.

The third objection to the plea is, that it amounts to the general issue. In support of this objection, the plaintiffs refer us to the case of *The Bank of Auburn* v. *Weed & Aiken*, 19 Johns. Rep. 300. That case, it is true, is directly in the plaintiffs' favour; and there is also a subsequent one to the same effect. *The Farmers and Mechanics' Bank* v. *Rayner*, 2 Hall's Rep. 195. These cases both decide, that a plea of *nul tiel corporation*. is bad, because it amounts to the general issue. It is, however, to be observed, that such a special plea in bar, denying the existence of the corporation, is recognized as a valid plea in many books of good authority. 6 Viner's Abr. 315.— 1 Saund. Rep. 340, note (2).—1 Kyd on Corp. 284.

There is, also, a late decision of the Supreme Court of the *United States*, in direct opposition to the cause of demurrer under consideration. In that suit, which was brought by a foreign corporation, the defendant pleaded the general issue. The Court decided, after argument on the point, that the plea was an admission of the existence of the corporation, and of its capacity to sue. The following is the language of the

Court: "It is material to observe that no plea in abatement has been filed, denying the capacity of the plaintiffs to sue; and no special plea in abatement, or bar, that there is no such corporation as stated in the writ. The general issue is plead- ed, which admits the competency of the plaintiffs to sue in the corporate capacity in which they have sued. If the defend- ants meant to have insisted upon the want of a corporate capacity in the plaintiffs to sue, it should have been insisted upon by a special plea in abatement or bar. Pleading to the merits has been held by the Court, to be an admission of the capacity of the plaintiffs to sue." *The Society for the Propa- gation of the Gospel*, &c. v. *The Town of Pawlet*, 4 Peters, 480, 501. The case last cited is in direct opposition to the two de- cisions in *New-York* which we have already mentioned. It decides, that the existence of the corporation may be denied by a special plea, and that it cannot be denied in any other manner. We do not consider the point a very clear one, but the weight of authority is in favour of permitting the defendant to deny the existence of the corporation by a special plea in bar. The third objection to the plea is accordingly over- ruled.

The plaintiffs contend, that the defendant is estopped by his contract with them as declared on, from denying the exist- ence of the corporation. There is no ground for this objection to the plea. If any estoppel arises in consequence of the al- leged contract, as to which we give no opinion, it could only prevent the defendant from denying that the corporation, at the date of the contract, was in existence. The plea in ques- tion does not contain any such denial. In denying the exist- ence of the corporation, the plea refers to a time subsequent to that when the contract was made. There is no inconsistency, therefore, between the alleged admission of the existence of the corporation at the date of the contract, and the denial of its existence at the subsequent period to which the plea relates. The objection to the plea, therefore, founded on the doctrine of estoppels, has no application to the present case.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

*A. S. White* and *S. B. Gookins*, for the plaintiffs.

*T. A. Howard* and *J. Whitcomb*, for the defendant.

Nov. Term,
1836.

(1) By the law of comity among nations, a corporation created by one sovereignty is permitted to make contracts in another and to sue in its Courts; and the same law of comity prevails among the several sovereignties of the *American* Union. *The Bank of Augusta* v. *Earl*, Sup. Court *United States, January* term, 1839.