May Term
1852.

MORGAN
v.
LAWRENCE-
BURGH INSU-
RANCE COM-
PANY.

MORGAN *v.* THE LAWRENCEBURGH INSURANCE COMPANY.

In a suit brought by a corporation, a plea that, at the commencement of the suit, there was no such corporation in existence as the plaintiffs, is substantially good.

A declaration against one of several makers of a joint and several promissory note, need not notice that the other makers executed the note.

ERROR to the *Dearborn* Circuit Court.

BLACKFORD, J.—The *Lawrenceburgh Insurance Company* brought an action of assumpsit against *Andrew Morgan*. The declaration contains five counts. The first four counts are upon promissory notes payable to said company; each count describing a different note alleged to have been executed by the defendant. The fifth count is for money lent and money had and received.

There were two pleas: First, That there was not, at the time the suit was commenced, any such corporation in existence as the plaintiffs.

That plea was demurred to generally and the demurrer was sustained.

The second plea was non assumpsit. Issue thereon.

The issue of fact was submitted to the Court, and judgment rendered for the plaintiffs.

We think the first plea is substantially good. If the plaintiffs were not a corporation when they commenced the suit, they must fail. This point is decided in the case of *The Guaga Iron Company* v. *Dawson*, 4 Blackf. 202. If, by a person's giving a note to a party as a corporation, he is prevented from denying that, when the note was given, there was such a corporation, that is no reason that he should not allege that it did not exist when the suit was commenced. The act of incorporation may,

Monday,
May 24.

May Term, 1852.

before the commencement of the suit, have expired by its own limitation.

On the trial of the issue of fact, the notes described in the declaration were objected to on the ground of variance; but the objection was overruled. No variance is pointed out in the assignment of errors; and we have not discovered any. The notes appear to have been executed by the defendant and one *Swift;* but as they are joint and several, it was not necessary that the declaration, in describing the notes, should notice that *Swift* had executed them. They were the several notes of the defendant, and could be declared on as if he alone had signed them. Chitty on Bills, 9th Amer. Ed. 581. *Mountstephen* v. *Brooke,* 1 Barn. and Ald. 224.

The judgment for the plaintiffs must be reversed, because the demurrer to the first plea was wrongly sustained.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, with leave to the plaintiffs to reply to the first plea.

*J. Sullivan, D. S. Major,* and *A. Brower,* for the plaintiff.

*D. Macy* and *S. H. Spooner,* for the defendants.