May Term,
1860.

HUBBARD
v.
CHAPPEL.

HUBBARD and Wife *v.* CHAPPEL.*

Suit to foreclose a mortgage. Answer, that the land was conveyed for a consideration by the mortgagee to the mortgagor, and mortgaged to secure the payment of the consideration; and averring that the mortgagee had no title. *It seems,* that the answer was bad, so far as a judgment of foreclosure was concerned.

A general denial admits the character in which the plaintiff sues; and so does a default where that character is averred in the complaint.

*Nul tiel corporation* puts in issue the existence of the corporation, at least so far as to require proof of *user;* but where the suit is upon a contract other than of subscription for stock, in which the existence of the corporation is recognized, the party being estopped to deny the existence of the corporation, cannot require proof of it, because his admission is conclusive.

If the name in which a contract is made imply a corporation *prima facie,* while, in fact, the company assume to be only a partnership, the fact may be shown.

In a suit by a corporation, it is no defense to allege a consolidation with a corporation of another state, unless the terms of consolidation or the dates or provisions of the statutes authorizing it are given.

APPEAL from the *Wabash* Circuit Court.

PERKINS, J.—Suit to foreclose a mortgage given by *Hubbard* and wife to the *Lake Erie, Wabash, and St. Louis Railroad Company;* and by said company assigned to one *Boody,* and by him assigned to the plaintiff.

Answer in seven paragraphs—

1. The general denial.

2. That the land was conveyed for a consideration, by the railroad company, to *Elias Hubbard,* and by him, his wife joining, mortgaged to the railroad company to secure the payment of the consideration, and averring that the railroad company had no title.

It may be here observed that a demurrer was overruled to this paragraph; that issue was then taken upon it, which was tried and found for the plaintiff.

Perhaps the paragraph was bad so far as judgment for the foreclosure of the mortgage was concerned. *Hubbard*

---

* This was decided on *Monday, May* 28, but held back on petition for a rehearing. The petition was overruled. The case was twice argued by learned counsel.

conveyed to the railroad company the title he received, and it is difficult to perceive, if neither had title, how a simple judgment of foreclosure could injure him. It might be important for him to resist a personal judgment for the amount left unpaid by the sale of the land.

It has been said that a mortgagor, under the circumstances set out in the paragraph in question, is estopped to deny the title of the mortgagee.

A part of the five remaining paragraphs deny that the grantee in the mortgage was a corporation at the time of the execution of the mortgage. Those paragraphs are bad, because the mortgagor is estopped to set up such fact. This has been often ruled, as a general proposition, in this state; too often to be now denied as law, unless shown to be clearly erroneous. It may, perhaps, not be applicable to suits on subscriptions of stock in corporations formed under the general law; but as to this we here decide nothing.

These three propositions have been judicially settled in *Indiana—*

1. A default admits the character in which the plaintiff sues (13 Ind. R. 143); at all events, where that character is averred in the complaint. A default admits the material allegations in the complaint.

2. The general denial admits that character, though the rule is otherwise in *New York. The Guaga Iron Company* v. *Dawson,* 4 Blackf. 202.—*Harris* v. *The Muskingum, &c., Co., id.* 267.—Ind. Dig., p. 469.

3. *Nul tiel corporation* puts in issue, so far, at least, as to require proof of user, the existence of the corporation; but where the suit is upon a contract, at all events, other than of subscription for stock, made with the corporation, in which the existence of the corporation is recognized, the party being estopped to deny the existence of the corporation, cannot put the plaintiff upon the proof of it; because his own admission, thus made, is conclusive. See 4 Kent (6th ed.), side p. 261, note *c.*

Conditions precedent must be performed in cases of suits for stock. 8 Ind. R. 397.

Now, wherein is this a departure from the general rule of law? It seems to be uniformly conceded that if a party contract with a corporation after it has forfeited its corporate existence, he is estopped to set up the forfeiture. And it is said the corporation, when sued, is estopped to deny its corporate capacity assumed in a contract. But how can it pay debts, if it cannot collect dues? So, it is almost uniformly said, that irregularities in organization cannot be set up in bar of a suit by the corporation. See *Eaton* v. *Aspinwall*, 19 N. Y. R. 119; *The Methodist, &c.* v. *Pickett, id.* 482.

Why, then, is not the general proposition a sound and reasonable one, that where persons are assuming to act as a corporate body, under a law authorizing such corporation; where, in short, user is existing, under a pretended organization, and a party contracts with such body as a corporation, he should be estopped to deny their corporate existence? What, in fact, is here involved but, in a wide sense, irregularity of organization? And why is it not the duty of the contracting party to inquire in the one case as well as the other? And may not the corporation have been led to act upon its means, in one case as well as the other?

If the name in which the contract may have been made simply, *prima facie*, imply a corporation, while, in fact, the company is not assuming to be a corporation, but only a partnership, this fact may be shown. See *Jones* v. *The Cincinnati Type Foundry Company, infra.* Such is the law in some of the other states. See *Case* v. *Benedict*, 9 Cush. 540; *Worcester, &c.* v. *Harding*, 11 *id.* 285; *Jones* v. *The Bank of Tennessee*, 8 B. Mon. 122; *Jones* v. *The Cincinnati Type Foundry Company*, at this term (1).

The remaining paragraphs admit that the mortgagee was a corporation at the date of the mortgage, but aver that under the laws of *Ohio* and *Indiana* she had consolidated with an *Ohio* company, under a new name. The terms of the consolidation are not given; neither the dates nor provisions of the alleged statutes of this state or *Ohio* are stated; no facts, indeed, are set forth, upon which any

legal question can be raised.    These paragraphs are bad for uncertainty.    See *Wright* v. *Bundy*, 11 Ind. R. 398.

*Per Curaim.*—The judgment is affirmed with 5 per cent. damages and costs.

*C. B. Smith, W. J. Smith,* and *J. M. Washburn,* for the appellants.

*J. D. Conner* and *W. Z. Stuart,* for the appellee.

(1) *Ante,* 89.