## CICERO HYGIENE DRAINING COMPANY *v.* CRAIGHEAD.

DRAINING ASSOCIATIONS.—ASSESSMENTS.—In a suit by a draining association to enforce a lien for an assessment against lands benefited, it is sufficient if the assessment was made by two of the three persons appointed for that purpose.

SAME.—The 5th section of "an act to authorize the construction of levees and drains," 1 G. & H. 303, requires that the existence of corporations for such purposes shall be judicially taken notice of by the courts in the counties in which the articles of association are recorded. This does not, however, require this court to take like judicial notice of the fact.

CORPORATIONS.—PLEADING.—In a suit by a corporation it is not necessary that the existence of the corporation should be averred, either generally or specially, nor need the fact be proved unless specially put in issue by plea, and the general denial is not sufficient to raise the question.

APPEAL from the *Tipton* Common Pleas.

FRAZER, C. J.—This was a suit by a draining association to enforce a lien for an assessment against lands benefited by the drain. A demurrer to the complaint for want of sufficient facts was sustained, and this is the only error assigned.

The appellee has failed to give us the benefit of any argument, and we are unable, thus unaided, to perceive any valid objection to the complaint.

We are told by the appellant that two objections were urged in the argument below:

1. That the appellant was not legally organized as a corporation.

2. That the assessment of benefits was made by only two of the three persons appointed for that purpose.

The latter objection seems to be conclusively answered by the first section of the act in relation to the construction of statutes, &c., 2 G. & H. 337, whereby it is enacted that "words importing joint authority to three or more persons shall be construed as authority to a majority of such persons, unless otherwise declared in the law giving such au-

thority." This rule of construction, applied to the twelfth section of the act to authorize the construction of levees and drains, 1 G. &. H., 304, leaves no room to question the authority of two appraisers to act.

The first objection presents a different question, and one which is a little complicated by the novel provision of the fifth section of the last named act, which requires the courts of the county in which the articles of association are recorded to take judicial notice of the existence of the corporation without specially pleading the same. 1 G. & H. 303. This does not, however, require this court to take like judicial notice of the fact. The information, indeed, is not within our convenient reach, and it is hardly to be supposed that the legislature intended that the members of this court must procure it from the county recorders. The enactment is a peculiar one, and its proper application not very apparent, nor is its exact purpose readily seen.

In a suit by a corporation, it is not necessary that the existence of the corporation shall be averred, either generally, or by specially alleging facts necessary to show its organization pursuant to law. *Harris* v. *The Muskingum, &c., Co.*, 4 Blackf. 267; *Richardson* v. *The St. Joseph Iron Co.*, 5 *id.* 146; *Heaston* . v. *The Cincinnati, &c., Railroad Co.*, 16 Ind. 275. Nor need the fact be proved unless specially put in issue by plea; the general denial not being sufficient to raise the question. *The Guaga Iron Co.* v. *Dawson*, 4 Blackf. 202; *Dunning* v. *The New Albany, &c., Co.*, 2 Ind. 437; *Railsback* v. *The Liberty, &c., Co., id.* 656; *Hubbard* v. *Chappell*, 14 Ind. 601.

There may be a corporation *de facto* which is not such *de jure*. The suit being brought in a name denoting an ideality, it is equivalent to an averment of the *de facto* existence of the corporation. The demurrer admits that fact. If it be assumed, then, that the plaintiff was a corporation *de facto*, but not such *de jure*, by reason of irregularities in its organization (and this is the most that the court below was required by the statute judicially to know), then the

plaintiff did exist, and had capacity to maintain some suits, (16 Ind. 275), but, it may be, had no capacity to maintain this suit. But that was not assigned as cause of demurrer, and there was error, therefore, in sustaining this demurrer upon such a ground. If the demurrer had assigned the proper cause—want of capacity in the plaintiff to maintain the suit, and that had depended upon the regularity of the organization—we could not, in the condition of this record, review the decision of the court below upon the question, for the reason that it does not contain the requisite facts. *Delawter* v. *The Sandcreek Ditching Co.*, 26 Ind. 407.

The judgment is reversed, with costs, and the cause remanded, with directions to overrule the demurrer.

*N. R. Overman* and *G. W. Lowley*, for appellant.

*N. R. Linsday, J. A. Lewis* and *N. Van Horn*, for appellee.