## The Board of Trustees of the Methodist Episcopal Church of Kendallville v. Shulze.

MORTGAGE.—*Promissory Note.—Church.*—A valid mortgage on real estate may be executed in the name of a church society, by the president, secretary and other members of its board of trustees, to secure an indebtedness due from such church, evidenced by a promissory note, executed in like manner.

SAME.—*Name.—Presumption.*—In an action to foreclose such a mortgage, brought against the board of trustees of such church, it is presumed that the corporate name of such church is the one in which the mortgage was executed.

SAME.—*Defence.—Foreclosure.— Want of Title in Church Trustees.*—It is no defence in such action to allege that the board of trustees who executed the mortgage had no title to the premises mortgaged.

SAME.—*Partial Answer.—Including Personal Debt of Trustee.*—An answer in such action, pleaded to the whole complaint, alleging that the note in suit included a personal debt due from a trustee to a third person, of which the plaintiff had notice, is insufficient on demurrer.

From the Noble Circuit Court.

*A. Ellison, H. S. Tousley* and *F. Prickett,* for appellant.

*A. A. Chapin,* for appellee.

PERKINS, J.—Emanuel H. Shulze sued the Board of Trustees of the Methodist Episcopal church of Kendallville, upon the following mortgage, which he alleged the defendant executed, and of which he prayed the foreclosure :

"This Indenture Witnesseth; That the Methodist Episcopal Church of Kendallville, of Noble county, in the State of Indiana, mortgage and warrant to E. N. Shulze, of Noble county, in the State of Indiana, the following real estate in Noble county, in the State of Indiana, to wit: 

"Lots fifty-five and fifty-six, except sixteen feet in width off the north side of lot fifty-six, in Mitchell's addition to the town, now city, of Kendallville, to secure the payment, when it becomes due, of one promissory note, of even date herewith, for seventeen hundred dol-

lars, due in ninety days from date. This note and mortgage being made to secure a loan, as per resolution of the board of trustees of the Methodist Episcopal Church, at a meeting held October 18th, 1875 ; and the mortgagor expressly agrees to pay the sum of money above secured without any relief whatever from valuation or appraisement laws.

" And it is expressly agreed, by and between the parties hereto, that said mortgagor shall pay said second party all costs and expenses of collection, including attorney's fees.

" In witness whereof the said mortgagor has hereunto set her hand and seal, this 18th day of October, 1875.

" Methodist Episcopal church of Kendallville, by

" JOHN WESTON,

" President of Board of Trustees.

" JAMES COLEGROVE,

" Secretary of Board of· Trustees.

" L. H. JOHNSON. [Seal.]
" G. W. SAYLES. [Seal.]
" L .F. HITCHCOCK." [Seal.]

" State of Indiana, Noble County.

" Before me, S. E. Goodwin, a notary public, duly qualified in and for said county, this eighteenth day of October, 1875, personally came John Weston, James Colegrove, George W. Sayles, L. F. Hitchcock and L. H. Johnson, who are trustees of the Methodist Episcopal church, and for said church acknowledge the execution of the annexed mortgage.

" Witness my hand and notarial seal.

" S. E. GOODWIN,

" Notary Public."

The note secured by the mortgage is signed by " The Methodist Episcopal Church of Kendallville, Indiana, by John Weston, President of the Board, James Colegrove, Secretary, G. W. Sayles, L. H. Johnson and L. F. Hitch· cock."

A demurrer to the complaint, for want of facts to constitute a cause of action, was overruled, and exception entered.

The defendant answered in two paragraphs, as follows:

"1. Denying that the board of trustees who made the mortgage had any title to the property mortgaged; and,

"2. That, at the time of the execution of said note and mortgage, John Weston and James Colegrove were two of the trustees of the defendant; that, before that time, to wit, on the 28th day of September, 1874, the said Weston and Colegrove executed and delivered to one Lake Ihrie their promissory note, in these words and figures, to wit:

"'$500. KENDALLVILLE, INDIANA, September 28, 1874.

"'One day after date, we promise to pay Lake Ihrie, or order, five hundred dollars, with interest at the rate of ten per cent. per annum from date until paid. If this note is not paid at maturity, the undersigned agree to pay all expenses of collection, including attorney's fees, value received, without any relief whatever from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note, and all defences on the ground of any extension of time of payment that may be given by the holders of them, or either of them. Negotiable and payable at the First National Bank of Kendallville, Indiana. JAMES COLEGROVE,

"'JOHN WESTON.'

"That, on the 12th day of March, 1875, the said Weston and Colegrove paid on said note the sum of one hundred and seventy-five dollars, which was endorsed thereon, which sum, so endorsed on said note, is all that has been paid on said note; that the balance of said note and the interest thereon remain unpaid.

"And the defendant avers, that, at the time of the making of said mortgage and the note therein described,

VOL. LXI.—33

the said defendant was not indebted to the plaintiff the amount for which said note and mortgage were given, but a much less sum; that, to make the amount for which said mortgage and note therein described were given, the said Weston and Colegrove, then and there being two of the trustees as aforesaid, included the amount by them due on their said note to said Lake Ihrie, there then being due from them to said Lake Ihrie, the sum of three hundred and seventy-five dollars.

"That the said plaintiff well knew at the time he so received said mortgage and note, that the indebtedness due from said Weston and Colegrove to said Ihrie was included in his mortgage and note, and well knew that said Weston and Colegrove were two of the trustees of the defendant, and that the same was signed by them, the same as appears upon said mortgage. And the defendant avers, that said mortgage was executed on the part of said Weston and Colegrove contrary to their duty as trustees of the defendant, and that plaintiff received said note and mortgage with full knowledge of such fact; and the defendant avers, that said plaintiff, at the time of the execution of said note and mortgage, agreed to and with the said Weston and Colegrove, they then and there being two of the trustees of this defendant, that the plaintiff would pay to said Lake Ihrie the amount due him from said Weston and Colegrove on the said note, which sum so agreed to be paid by said Shulze to said Lake Ihrie he has not yet paid, and refuses so to do. Wherefore the defendant demands judgment."

A demurrer was sustained to each of these paragraphs of answer.

Further proceedings were had in the cause, and the plaintiff had judgment.

Counsel say in their brief:

"We do not ask the court to consider the other questions assigned as errors, but submit that the action of the court below in overruling the appellant's demurrer to the com-

The Board of Trustees of the M. E. Church of Kendallville v. Shulze.

plaint, and in sustaining the appellee's demurrers to the first and second paragraphs of the answer, was erroneous, and that the judgment should therefore be reversed.

H. S. TOUSLEY,

" F. PRICKETT,

" A. ELLISON,

" Attorneys for appellant."

We think the complaint was good. Angell & Ames 'Corporations, secs. 234, 647, et seq.; Craig v. Secrist, 54 Ind. 419; Jackson v. Burgert, 28 Ind. 36.

Section 9 of the act touching societies and lodges, 1 R. S. 1876, p. 838, contains the following: " Such trustees shall be deemed a body politic and corporate, under such name and style as the society may elect."

It is not shown what name was given to the corporation. It may be mentioned, that it was that in which the mortgage was executed. At all events, the trustees were the corporation. They constitute, when elected and qualified, a board of trustees. Section 14 of the act cited.

The trustees, the real corporation, executed the note and mortgage in suit.

We think the first paragraph of the answer was bad. The foreclosure and sale in this case will only bar the title of the mortgagor. If the mortgagor has no title, the purchaser at the sale will acquire none. Hubbard v. Chappel, 14 Ind. 601; Plowman v. Shidler, 36 Ind. 484.

No other party is shown to be the owner.

The second paragraph of answer was bad. Enough was not stated to show the transaction void. It was pleaded as a bar to the action, but averred facts constituting a defence to but a part at all events, if to any, of the cause of action. Beeson v. Howard, 44 Ind. 413. The cases of The Board of Commissioners, etc., v. Reynolds, 44 Ind. 509, and Pratt v. Luther, 45 Ind. 250, are not in point.

We think the mortgage not void for want of power in the mortgagor to execute it. 1 R. S. 1876, p. 839, sec. 13.

Section 15, on page 840 of said volume, is not shown to be applicable to this case. Public policy and the principles of justice require that property shall not be held in a sort of mortmain, and where it is exempt from taxation; and that, in particular cases, the courts should not decide it to be so held, if, by any reasonable construction, such decision can be avoided.

Judgment affirmed, with costs.