No. 8036.

BEATTY *v.* THE BARTHOLOMEW COUNTY AGRICULTURAL SOCIETY.

EVIDENCE.—*Agricultural Society.—Corporation.—General Denial.—Admission.—Estoppel.*—The character in which a plaintiff sues is admitted by the general denial. The question of corporate capacity must be raised by an answer of *nul tiel corporation.* One who contracts with a corporation as such is estopped to deny its existence.

SAME.—*Practice.—Deposition not in Evidence.—Witness.*—On cross-examination, the court did not err in sustaining an objection to a question propounded to a witness, which referred to his deposition not in evidence, but did not identify an assumed statement contained therein, or propose to connect it, with the subject-matter and time stated in his evidence in chief.

EXCEPTIONS.—*Instructions.—Evidence.—New Trial.—Bill of Exceptions.*—Instructions and evidence complained of on appeal can not be considered, unless the record shows that they were objected to at the time rulings as to them were made. A statement in a motion for a new trial can not supply the want of an exception in the bill of exceptions.

From the Shelby Circuit Court.

*B. F. Love* and *R. Hill*, for appellant.

*N. R. Keyes*, for appellee.

NEWCOMB, C.—This was an action by the appellee to recover damages for the loss of certain stalls and sheds situated on the fair grounds of the appellee by fire occasioned, as was alleged, by the negligence of the appellant. There was a verdict in favor of the plaintiff below, and a judgment on the verdict, over the defendant's motion for a new trial. The only error assigned is the overruling of the motion for a new trial.

The causes alleged for a new trial, so far as they related to the giving and refusing of instructions, can not be considered, for the reason that none of the instructions given are in the record. The causes for a new trial on the alleged ground that the verdict was not sustained by sufficient evidence, and was contrary to law, are not discussed in the argument of the appellant, except as to a lack of proof that

the plaintiff was a corporation, and except as to that point will not be considered. The other causes for a new trial will be noticed in their order.

It is insisted by the appellant that the circuit court erred in permitting plaintiff's witnesses, Wright and Lowe, to give certain evidence touching the value of the property destroyed, to which evidence the defendant objected. We do not consider this alleged error for the reason that it nowhere appears in the bill of exceptions that the defendant excepted to the ruling of the court admitting said evidence.

In the motion for a new trial it is stated that the defendant did except, but this is insufficient. The motion could not supply the want of such a statement in the bill of exceptions. Burnett v. Overton, 67 Ind. 557; Conrad v. Wilson, 66 Ind. 437; Graeter v. Williams, 55 Ind. 461; Wiler v. Manley, 51 Ind. 169.

The next error alleged is the sustaining by the court of the objection of the plaintiff to a question propounded on cross-examination to William R. Hill, a witness for the plaintiff. This witness had testified in chief that he heard the defendant direct Temple, an employee of defendant, to take Parr, another employee, and fire the straw, and that this was all he heard. This was straw in a field of the defendant, adjoining the fair grounds, the firing of which, it was charged, caused the loss for which the plaintiff sued.

On cross-examination, the witness stated that he did not hear Beatty tell Temple to rake the straw away from the fair-ground fence. After stating that his deposition had been taken in the cause, he was asked : "Did you not state in your deposition, formerly taken in this cause, before John Hor, a notary public, at the office of Keyes & Smith, at Columbus, that you understood that Parr was sent with Temple to rake up and burn the straw ?" We think that the objection to this question was well taken. There was nothing in the question to identify the assumed statement in the

deposition of the understanding of the witness, with the occasion in which he testified he heard the direction given to Temple by the defendant. Nor was it proposed to follow up this question by showing that in the supposed answer in the deposition the witness was testifying as to the directions given to Temple in his hearing. For anything that appeared in the statement of the matter in the deposition, the supposed understanding of the witness may have been the result of a conversation with the defendant, or Temple, or some other party, at another time.

The remaining reason assigned for a new trial is, that no evidence was given that the plaintiff was a corporation. The argument is that it was necessary to aver this fact in the complaint, and that every fact stated in the complaint was put in issue by the general denial, and therefore there was a failure of proof. But the rule in this State is, that the general denial admits the character in which the plaintiff sues, and that the question of a plaintiff's corporate capacity must be raised by an answer of *nul tiel corporation*. *Hubbard* v. *Chappel*, 14 Ind. 601; *Heaston* v. *The Cincinnati, etc., R. R. Co.*, 16 Ind. 275; *Cicero Hygiene Draining Co.* v. *Craighead*, 28 Ind. 274; *The Indianapolis Furnace and Mining Co.* v. *Herkimer*, 46 Ind. 142; *The Guaga Iron Co.* v. *Dawson*, 4 Blackf. 202; *Harris* v. *The Muskingum, etc., Co.*, 4 Blackf. 267; *Wiles* v. *The Trustees, etc.*, 63 Ind. 206. It was not necessary to allege the corporate existence of the corporation in the complaint. *Emery* v. *The Evansville, etc., R. R. Co.*, 13 Ind. 143; *Jones* v. *The Cincinnati Type Foundry Co.*, 14 Ind. 89; *Stein* v. *The Indianapolis, etc., Association*, 18 Ind. 237. In *Harris* v. *The Muskingum, etc., Co.*, *supra*, it was said: "The name itself implies that the plaintiffs are a corporation. * * If the plaintiffs were not authorized to sue by the name which they have assumed, the defendant could have denied their existence by a special plea." See, also, *Mackenzie* v. *The Board, etc.*, 72 Ind. 189.

The appellant argues that the rule announced in our deci-sions applies only to cases where the party sued has recog-nized the existence of the corporation ; but the rule is not thus limited. Indeed, a party who has contracted with a corporation, as such, is estopped to deny the existence of the corporation at the date of the contract, by any form of answer.

We find no error in the record, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is hereby, affirmed, at the costs of appellant.