[No. 9961.   Department One. — May 19, 1888.]

## THE PEOPLE EX REL. A. F. REDEMEYER, RESPONDENT, *v.* ANDERSON AND UKIAH VALLEY ROAD COMPANY, APPELLANT.

WAGON ROAD — TOLLS CANNOT BE COLLECTED AFTER EXPIRATION OF FRANCHISE. — Tolls cannot be collected on a wagon road after the expiration of the time for which the franchise to collect tolls was granted.

ID. — ACTION TO RESTRAIN COLLECTION OF TOLLS — PLEADINGS — FINDINGS. — In an action to restrain the collection of tolls on a wagon road, an allegation in the complaint that the road is a public highway will be considered, in the absence of a special demurrer, as an averment of an ultimate fact; and it is sufficient to sustain a judgment for the plaintiff if the fact be found in the same language.

APPEAL from a judgment of the Superior Court of Mendocino County.

The facts are stated in the opinion.

*T. L. Carothers,* for Appellant.

*J. A. Cooper,* for Respondent.

HAYNE, C. — This is a proceeding in the nature of an information to restrain the defendant from collecting tolls on a wagon road. The court below gave judgment for the plaintiff, and the defendant appeals, the case coming up on the judgment roll. The findings show that the defendant acquired its right from one John Gschwend, who acquired the right to construct and maintain a toll-road under an order of the board of supervisors on May 19, 1868. This order was made in pursuance of a special act of the legislature, which provided that the board could grant a franchise "for any term not more than fifteen years from the date of said charter." (Laws 1867–68, p. 350.) The fifteen years having expired, it is perfectly clear that neither Gschwend nor his assignee has any further right to collect tolls. The defendant makes a point which can only go to the

right of the people to maintain the proceeding. It is said that there is a contradiction in the findings upon the question whether Gschwend or his assignee ever acquired the right of way over the lands across which the road runs. But we do not think there is any material contradiction. The complaint alleges that the road was a public highway, etc. There was no special demurrer to this, and in the absence of such a demurrer the allegation must be considered as of an ultimate fact. The complaint being good, the findings which follow its language are sufficient. Hence the finding that on the nineteenth day of May, 1883, the said road "became and ever since has been a public highway" must be considered to be of an ultimate fact. The findings that Gschwend "procured the right of way," but that no proceedings to condemn the land were taken, and that "no owner of said land or of any part thereof has ever heretofore conveyed the same to the public or granted the right of way across the same," are not inconsistent with the ultimate fact. It may be that the right of way was acquired by prescription. The material points are that the road is a public highway, and that the defendant has no right to collect tolls upon it. And these sufficiently appear from the findings.

We therefore advise that the judgment be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.