## CLARK v. AMERICAN CANNEL COAL COMPANY.

165    213
169    358

[No. 20,576. Filed April 19, 1905. Rehearing denied June 28, 1905.]

1. CONSTITUTIONAL LAW.—*Corporations.*—*Private.*—*Special Act Extending Charter.*—The act of 1885 (Acts 1885, p. 121, §§5124-5128 Burns 1901), purporting to extend the corporate life of certain private corporations created by special act of the legislature, prior to the present Constitution, is unconstitutional. p. 214.

2. CORPORATIONS.—*De Facto.*—*Collateral Attack.*—A *de facto* corporation can not be made the subject of a collateral attack. p. 215.

3. SAME.—*De Facto.*—*Essentials.*—To constitute a *de facto* corporation it must be shown that there was (1) a valid law under which such corporation might have been incorporated; (2) a *bona fide* attempt to incorporate under such law; and (3) an actual exercise of such corporate powers. p. 216.

4. SAME.—*De Facto.*—*De Jure.*—*Collateral Attack.*—A *de facto* corporation can not exist where there can not be one *de jure*, and such pretended corporation is subject to a collateral attack. p. 216.

5. SAME.—*De Facto.*—*Unconstitutional Law.*—A *de facto* corporation can not exist by virtue of an unconstitutional law. p. 216.

6 SAME.—*Termination of Existence.*—*Winding Up.*—A corporation dies with the expiration of its charter, and, except as given the right to wind up its business after such expiration, which, in Indiana, is limited to three years, its subsequent transactions are void. p. 217.

7. SAME.—*Estoppel by Dealing With.*—Defendant is not estopped to deny plaintiff's corporate existence by reason of the fact that several years prior to the filing of the pending suit, and while plaintiff was a corporation *de jure*, defendant's remote grantor purchased from plaintiff the land in controversy. p. 217.

8. CORPORATIONS.—*Termination of Charter.*—*Right to Sue.*—A corporation, chartered by special act of the Indiana legislature in 1837 for a period of fifty years, and whose charter, by an unconstitutional statute, was ostensibly extended thirty years, had no power to bring a suit after 1890.   p. 218.

From Perry Circuit Court; *C. W. Cook,* Special Judge.

Suit by the American Cannel Coal Company against Emma L. Clark.   From a decree for plaintiff, defendant appeals.   Transferred from Appellate Court under §1337i Burns 1901, Acts 1901, p. 565, §9.   (For transferring opinion, see 35 Ind. App. 65.)   *Reversed.*

*Hatfields & Hemenway* and *C. A. Weathers,* for appellant.

*Logsdon, Chappell & Veneman* and *Patrick & Minor,* for appellee.

MONKS, J.—This suit was brought by appellee to enjoin appellant from mining and removing fire-clay from certain real estate in Perry county, and to quiet appellee's title to said fire-clay.   Appellee sold and conveyed said real estate by deed to a remote grantor of appellant on September 20, 1866, and claims to own said fire-clay by virtue of the reservation contained in said deed.   A trial of said cause resulted in a final decree quieting appellee's title to said fire-clay and enjoining appellant from removing the same.

The first question to be determined is: was appellee, when it commenced this suit, an existing corporation having the power to sue?   If this question be answered in the negative this case must be reversed.   It appears from the record that appellee—a corporation—was created by special act (Local Laws 1838, p. 216), to continue for a period of fifty years from December 23, 1837.   The powers granted were to mine for coal, "purchase, receive, hold and enjoy lands, coal, iron and other mines,   *   *   *   and the same to sell, convey and demise."   In 1885 the legis-

lature passed an act (Acts 1885, p. 121, §§5124-5128 Burns 1901), which purported to extend the corporate existence of every private corporation, created or organized by special act for the purposes of mining stone, coal, iron ore, etc., thirty years after the passage of said act, whose board of directors, within sixty days after the passage of said act of 1885, shall avail itself of the provisions of said act by adopting resolutions to that effect, and filing the same with a statement giving the title and date of the act creating said corporation and of each act amendatory or supplemental to said creative act. The board of directors of appellee complied with the requirements of said act of 1885 on May 30, 1885, and appellee claims that thereby its corporate existence was extended thirty years from that time. Since 1837 until the commencement of this action appellee has exercised corporate powers under said special act of 1837 and the act of 1885. Appellant's position is that, as the special act of December 23, 1837, creating appellee a corporation, fixed the life of said corporation at fifty years, it ceased to exist when that period was ended, in 1887; that said act of 1885 was unconstitutional, and the attempt to continue the corporate existence of appellee by complying with its provisions was without effect; that appellee, having ceased to exist as a corporation, can not maintain this action. The act of April 2, 1885, *supra,* which appellee claims continued its corporate existence for thirty years from the date of its passage, is clearly unconstitutional under the rule declared in *In re Bank of Commerce* (1899), 153 Ind. 460, 47 L. R. A. 489.

Appellee insists, however, that appellant can not raise any question in regard to the constitutionality of said act of 1885 in this case, because (1) it is at least a *de*

2. *facto* corporation, and therefore impervious to collateral attack; (2) that appellant is estopped from denying its corporate existence. It is true, as claimed by appellee, that the corporate existence of a *de facto* corpora-

tion can only be questioned in a direct proceeding brought for that purpose. *Doty* v. *Patterson* (1900), 155 Ind. 60, 64, and authorities cited. It is essential to the existence of a *de facto* corporation, however, that there be (1) a valid law under which a corporation with the powers assumed might be incorporated; (2) a *bona fide* attempt to organize a corporation under such law; (3) and an actual exercise of corporate powers. *Doty* v. *Patterson, supra;* 10 Cyc. Law and Proc., 252-256; 1 Clark & Marshall, Priv. Corp., §§82a, 82b. It follows, therefore, that there can not be a corporation *de facto* when there can not be one *de jure.* If there is no law under which a corporation *de jure* might exist, its nonexistence may be set up even in a collateral proceeding. 10 Cyc. Law and Proc., 255, 256; 1 Clark & Marshall, Priv. Corp., §82c; *Heaston* v. *Cincinnati, etc., R. Co.* (1861), 16 Ind. 275, 279, 79 Am. Dec. 430; *Harriman* v. *Southam* (1861), 16 Ind. 190; *Snyder* v. *Studebaker* (1862), 19 Ind. 462, 81 Am. Dec. 415; *Eaton* v. *Walker* (1889), 76 Mich. 579, 43 N. W. 638, 6 L. R. A. 102; *Georgia, etc., R. Co.* v. *Mercantile Trust, etc., Co.* (1894), 94 Ga. 306, 21 S. E. 701, 32 L. R. A. 208, 47 Am. St. 153. "To be a corporation *de facto* it must be possible to be a corporation *de jure,* and acts done in the former case must be legally authorized to be done in the latter, or they are not protected or sanctioned by the law. Such acts must have an apparent right." *Evenson* v. *Ellingson* (1887), 67 Wis. 634, 646, 31 N. W. 342. It necessarily follows that there can not be a corporation *de facto* under an unconstitutional statute, for such a statute is void, and a void law is no law. 1 Clark & Marshall, Priv. Corp., p. 246; Black, Const. Law, p. 64; *Snyder* v. *Studebaker, supra; Harriman* v. *Southam, supra; Heaston* v. *Cincinnati, etc., R. Co., supra; Eaton* v. *Walker, supra;* *Norton* v. *Shelby County* (1886), 118 U. S. 425, 6 Sup. Ct. 1121, 30 L. Ed. 178.

If the law under which a corporation is organized, or the special act creating the corporation, fixes a definite time when its corporate life must end, it is evident that
6.   when that date is reached, said corporation is *ipso facto* dissolved without any direct action on the part of the state or its members.  And no corporate powers can thereafter be exercised by it except such as are given it by statute for the purpose of winding up its affairs, which in this State is limited to three years after the dissolution. §3429 Burns 1901, §3006 R. S. 1881 and Horner 1901; 10 Cyc. Law and Proc., 1271; 2 Clark & Marshall, Priv. Corp., §305; 2 Morawetz, Priv. Corp. (2d ed.), §1031; 2 Beach, Priv. Corp., §780; *People, ex rel.,* v. *Anderson, etc., R. Co.* (1888), 76 Cal. 190; *Scanlan* v. *Cranshaw* (1878), 5 Mo. App. 337; *LaGrange, etc., R. Co.* v. *Rainey* (1870), 47 Tenn. 420, 432; *Grand Rapids Bridge Co.* v. *Prange* (1877), 35 Mich. 400, 24 Am. Rep. 585; *Bradley* v. *Reppell* (1896), 133 Mo. 545, 32 S. W. 645, 34 S. W. 841, 54 Am. St. 685; *May* v. *State Bank* (1843), 2 Rob. (Va.) 56, 40 Am. Dec. 726; *Rider* v. *Nelson, etc., Factory* (1836), 7 Leigh (Va.) 156, 30 Am. Dec. 495.

Appellee in 1866 at the time its deed for the land in controversy was executed to appellant's remote grantor, was a corporation *de jure* by virtue of the special law of
7.   December 23, 1837 (Local Laws 1838, p. 216).
Even if appellant, who claims the real estate in controversy and the right to mine said fire-clay and remove the same under appellee's deed of September 20, 1866, is estopped to deny its corporate existence, such estoppel only operates to prevent a denial of its corporate existence at the time the deed was executed in 1866, and in no way prevents appellant from alleging facts showing that the period fixed for its existence as a corporation expired in 1887, and that there was no such corporation in existence when this action was commenced.  This is true because after a corporation is dissolved by a judicial decree or by the expira-

tion of the period fixed for its existence in the law under which it is organized, it is not even a *de facto* corporation, and its existence as a corporation may be questioned collaterally. 1 Clark & Marshall, Priv. Corp., p. 247; 2 Clark & Marshall, Priv. Corp., §305; *Guaga Iron Co.* v. *Dawson* (1836), 4 Blackf. 202; *Morgan* v. *Lawrenceburgh Ins. Co.* (1852), 3 Ind. 285; *Brookville, etc., Turnpike Co.* v. *McCarty* (1856), 8 Ind. 392, 65 Am. Dec. 768; *Bradley* v. *Reppell, supra; Krutz* v. *Paola Town Co.* (1878), 20 Kan. 397; *Marysville Investment Co.* v. *Munson* (1890), 44 Kan. 491, 24 Pac. 977; *Supreme Lodge Knights of Pythias* v. *Weller* (1896), 93 Va. 605, 25 S. E. 891; *Dobson* v. *Simonton* (1882), 86 N. C. 492; *Asheville Division, etc.,* v. *Aston* (1885), 92 N. C. 578; *Sturges* v. *Vanderbilt* (1878), 73 N. Y. 384; *White* v. *Campbell* (1844), 5 Humph. (Tenn.) 37.

As the corporate existence of appellee fixed by the special act of 1837 ended in 1887, and the three years given by §3429 Burns 1901, §3006 R. S. 1881 and Horner 8. 1901, for the purpose of winding up its affairs ended in 1890, and the act of 1885 (Acts 1885, p. 121), under which appellee claims its corporate existence was extended thirty years, is unconstitutional, it follows that appellee had no power to sue when this action was commenced.

Judgment reversed, with instructions to sustain appellant's motion for a new trial of the issues joined on the answers in abatement, and for further proceedings in accordance with this opinion.