CROW et al. v. CATTLEMEN'S TRUST CO. (No. 8680.)

(Court of Civil Appeals of Texas. Ft. Worth. June 23, 1917. On Motion for Rehearing, Nov. 17, 1917.)

1. CORPORATIONS ☞614(4) — DISSOLUTION — GROUNDS—PLEADING—SUFFICIENCY.

A complaint alleging that the corporation assumed to be acting under a charter which was an amendment of the charter of a defunct corporation, and that the corporation in fact, acting without authority and doing acts for which it could not be incorporated under the present laws, states a good cause of action for dissolution of the corporation.

2. JOINT-STOCK COMPANIES ☞23—RIGHT TO SUE AND BE SUED—PARTIES.

Where plaintiffs holding stock purporting to be corporation stock charged that the corporation had in fact no legal existence and was assuming to do acts which it could not be authorized to do under the present laws, and sought dissolution of the company, the relief prayed could not be granted where only three stockholders were served and the officers were not served as provided for by Vernon's Sayles' Ann. Civ. St. 1914, arts. 6149-6151, providing for suits against and service upon joint-stock companies.

3. DISMISSAL AND NONSUIT ☞57—DEFECTIVE SERVICE—RIGHT TO AMEND.

In action against alleged joint-stock company when plea in abatement for lack of service on the officers was sustained in the absence of showing that plaintiffs declined to make further efforts to procure service, it was error to dismiss the cause.

4. CORPORATIONS ☞29(2)—PROHIBITED CORPORATION—COLLATERAL ATTACK.

If a company, which assumed to be a corporation by amendment of the charter of an old and defunct corporation, exercising powers prohibited by the law after its beginning business, was neither a de jure or de facto corporation, persons purchasing stock could attack its existence collaterally.

On Motion for Rehearing.

5. APPEAL AND ERROR ☞188—PRESERVATION OF EXCEPTIONS—TIME TO COMPLETE SERVICE.

Where the court on a plea in abatement dismissed the petition on the ground that the corporation sought to be dissolved was at least a de facto corporation, the fact that plaintiffs, who had failed to serve the officers of the company, failed to ask for time in which to complete service did not bar them from asking on appeal that the case be reversed for failure to allow such time.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit by W. E. Crow and others against the Cattlemen's Trust Company. Judgment of dismissal, and plaintiffs appeal. Reversed and remanded, and motion for rehearing overruled.

McLean, Scott & McLean and B. K. Goree, all of Ft. Worth, for appellants. Bryan, Stone & Wade and A. H. Kirby, all of Ft. Worth, for appellee.

DUNKLIN, J. W. E. Crow and 13 other holders of capital stock in the Cattlemen's Trust Company instituted this suit against that company and all other stockholders therein to wind up the business of the company, and for a distribution of its assets among the shareholders. Later plaintiff Crow took a nonsuit, and by order of court he was made a party defendant; the suit being prosecuted thereafter by the other plaintiffs. The following facts were alleged in plaintiffs' petition:

The defendant company is doing business under and by virtue of a charter originally granted by a special act of the Legislature to the Star State Savings Association, which was approved in March, 1871. The company so chartered was duly organized, and thereafter acquired real and personal property; but in April, 1873, at a meeting of its shareholders, duly appointed, it was decided to dissolve the corporation and surrender the charter. To accomplish that end it was further resolved at the same meeting that all the assets of the company should be transferred by its officers to trustee elected at the same time, who were authorized and directed to sell the same and distribute the proceeds ratably among the shareholders;

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

all of which was done, and as a result of those proceedings the corporation then and there became defunct and its charter null and void. About 40 years after such dissolution and cessation of business, 4 shares of stock were purchased from the surviving wife of a former stockholder, and with those shares as a basis the purchasers filed with the secretary of state what purported to be an amendment of the original charter, changing the name of the original corporation to the Continental Trust Company of Waco. Later, and in about the year 1912, another amendment of the charter was filed changing the name of the corporation to the Cattlemen's Trust Company named as one of the defendants in this suit. By both of said amendments the capital stock of the original corporation was increased. The capital stock of the original corporation was 72 shares, of the par value of $500 each, and the capital stock already issued by the defendant association and now outstanding is of an aggregate par value of $500,000, upon which there has been paid in about $370,-000. The present assets of the defendant company consist of real estate, stocks in other corporations doing business in this and other states, bonds, cash, notes for money loaned, and every variety and description of personal and real property of the aggregate value of $700,000, less an approximate indebtedness of about $200,000. Plaintiffs are the holders of capital stock in the defendant company in the aggregate amount of 1,400 shares, for which they have paid divers sums in cash aggregating several thousand dollars, and some of them still owe additional sums for their respective shares.

It was alleged, in effect, that under its charter the original corporation was vested with the following powers:

"To sue and be sued, plead and be impleaded, contract and be contracted with; buy, hold, sell and convey real personal and mixed property; to rent and lease, execute deeds, mortgages and deeds of trust; to loan, borrow, discount or take on deposit money, exchange, bullion, bank notes, government securities or stocks, and other valuables in accordance with bank usages, make divisions of property, declare dividends, and to do and perform all such acts, including the making and enforcing of by-laws, rules and regulations for their government, as may be necessary and consistent with law and the Constitution."

The defendant Cattlemen's Trust Company, in order to induce plaintiffs to subscribe for their stock, represented, in effect, that said company had succeeded to the charter rights of said original corporation, and was vested with all the authority granted by said original charter, and by reason thereof was authorized to transact any business which could have been transacted by said original company. Plaintiffs believed said representations and were induced thereby to purchase said stock, and paid the consideration charged therefor, and did not, until shortly before the institution of the suit, discover that said representations so made were in fact untrue.

Plaintiffs further alleged in their petition that as the original charter became defunct, the attempted amendments thereto were of no force or effect, and that the defendant Cattlemen's Trust Company is operating as such a corporation without any lawful authority so to do, and that by reason of those facts all of the shareholders therein were in fact partners and would be liable as such to any creditor of said company. According to further allegations in the petition, at the time of such attempted amendments of the charter, there was no statutory authority for the creation of a corporation with such powers as were conferred by the charter granted to the Star State Savings Association, and the Cattlemen's Trust Company is transacting business under and by virtue of said charter for the doing of which no new legal charter could be procured. There was a prayer for the appointment of a receiver to take charge of the assets, wind up all the business of the company, and after liquidating its liabilities, disburse the proceeds remaining among the shareholders according to their respective interests. The petition also contained a prayer for a personal judgment against the company and the other stockholders for the amount of money which plaintiffs had paid for their stock. Presumably, this was in the nature of an alternative plea, although the petition does not specifically so state.

There were more than 200 shareholders named as defendants in the suit, many of whom resided in divers counties in the state, some in New Mexico, others in California, Massachusetts, New York, etc. The defendants A. H. Kirby, Geo. C. Clarke, and J. W. Milner, included among the stockholders named as defendants, for themselves alone filed a plea in abatement. They asked that the suit be abated on, substantially, four grounds: (1) That the defendant the Cattlemen's Trust Company was a de jure corporation incorporated under the laws of the state of Texas, as shown by a copy of the charter attached to the plea; (2) that if not a de jure corporation, it was, at least, a de facto corporation, in that a charter had been granted to it by the proper officers of the state under a valid and existing law authorizing the granting of the same, which charter was applied for in a bona fide attempt to organize a corporation under said law, and the company has in good faith exercised the corporate powers purported to be shown by said charter, and has been recognized by the state as such corporation; (3) that no such partnership existed between plaintiffs and the individual defendants as is alleged in plaintiffs' petition; and (4) that the three defendants filing said plea were the only defendants who had been served with citation. Evidence was heard upon all the issues so tendered by said plea, and all of the allegations made in said plea were sustained

by the trial judge, and the case was dismissed. It thus appears, as alleged, that only three of the stockholders were served with citation. Although the names and residences of the officers of the Cattlemen's Trust Company were alleged in plaintiffs' petition, no service was had upon them so as to get jurisdiction of the company.

By chapter 2, title 102, 4 Vernon's Sayles' Texas Civil Statutes, provision is made for suing unincorporated joint-stock companies or associations. By article 6149 of that chapter, it is provided that such a company may be sued, and that it shall not be necessary to make the individual stockholders or members thereof parties to the suit. By article 6150 it is further provided that in such a suit service of citation may be had upon the president, secretary, treasurer, or general agent of the company, and by article 6151 that a judgment against the company shall be as conclusive on the individual stockholders and members thereof as if they were individual parties to the suit. By other articles of the same chapter it is provided, in effect, that in suits against such a company service may be had upon the stockholders also, and that when they are so served their individual property may be levied on and sold to satisfy any judgment for money rendered against the company. As shown by article 6154, that chapter of the statutes is expressly made cumulative of other remedies existing at the time of its enactment.

[1] It thus appears that service upon the company would have given the court jurisdiction to decree a winding up of the business of the company and a distribution of its assets, or in the alternative, to render a money judgment against the company for the amount which plaintiffs had paid for their stock, for the payment of which recourse could be had against any property owned by the company. And service upon the stockholder defendants would not be necessary except for the purpose of subjecting their individual property to the payment of any money judgment which plaintiffs might recover. Allegations to the effect that the association was legally a partnership would have been material in a suit by an ordinary creditor to collect a debt contracted by the company. Such allegations were perhaps material to plaintiffs' suit in that they were urged to show a probable danger of loss to the plaintiffs by reason of demands from future creditors, and thereby to add an additional reason why the business of the company should be wound up and settled, but such allegations did not determine the nature of the suit. Aside from that purpose, we are of the opinion that the petition stated a good cause of action for the winding up of the affairs of the company, and, in the event of such a dissolution, the interest of the stockholders in the proceeds would be the same, whether or not it could be said that such shareholders would be liable as partners to creditors.

[2] But with only three of the stockholders served with citation, the relief prayed for by the plaintiffs could not have been granted.

[3] As stated already, when the plea in abatement was sustained the cause was dismissed, and it does not appear that plaintiffs declined to make further efforts to procure the service of citation upon other defendants. In the absence of such a showing, we think there was error in the order dismissing the cause, for which the same must be reversed and the cause remanded. Evidence at great length was introduced to sustain the allegations in plaintiffs' petition that the Star State Savings Association was dissolved and its charter defunct some 39 years prior to the purported amendments of the charter, and the questions whether or not by the filing of such amendments and the proceedings thereunder the Cattlemen's Trust Company became a de jure or, at all events, a de facto corporation, and whether or not, in any event, plaintiffs can question the validity of such amendments to the charter, have been argued at great length in the briefs filed in this court.

[4] Although the issue last stated was not presented by the plea in abatement, we deem it proper to discuss it. At the time the purported amendments to the original charter were filed, there was no statutory authority in this state for the creation of a private corporation with such powers as were vested in the Star State Savings Association by its special charter; and if, as alleged in plaintiffs' petition, that company had been lawfully dissolved and its charter had become defunct, prior to said purported amendments of the charter, then the Cattlemen's Trust Company did not become either a de jure or a de facto corporation. In that event plaintiffs had the right to challenge the validity of said charter, especially if they were induced to purchase the stock by misrepresentations as to the validity of the charter under which defendant company was operating, as further alleged. Davis v. Allison, 189 S. W. 968, and authorities there cited; Clark v. Am. Co., 165 Ind. 213, 73 N. E. 1083, 112 Am. St. Rep. 217; Huber v. Martin, 127 Wis. 412, 105 N. W. 1031, 1135, 3 L. R. A. (N. S.) 653, 115 Am. St. Rep. 1023, 7 Ann. Cas. 400; W. U. Telegraph Co. v. M. A. L. Co., 31 Okl. 528, 122 Pac. 505, Ann. Cas. 1914C, 1244. The other issues go to the merits of plaintiffs' case, and any determination thereof could not be binding upon the Cattlemen's Trust Company, or any of the other defendants who have not been served with citation, and who have not had their day in court.

For the reasons indicated, the judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

Appellees invoke the familiar rule announced in numerous authorities that all presump-

tions consistent with the record will be indulged to sustain the judgment of the trial court, and that in order to secure a reversal the burden is upon the complainant to show some error in the judgment. Some of the authorities cited are Lindly v. Lindly, 102 Tex. 135, 113 S. W. 750; Ferguson v. Cochran, 45 S. W. 30; 4 C. J. 731. They insist that, under that rule and in view of our ruling upon original hearing, that the relief prayed for by plaintiffs could not have been granted for lack of proper service of citation, the judgment of the trial court dismissing the cause should have been affirmed rather than reversed, since it does not appear that plaintiffs moved for further time within which to serve defendants.

The record fails to show that at the time said judgment was rendered, plaintiffs applied to the court for a postponement of the case in order that they might procure further service of process against the defendants, and in the absence of such showing the question is presented whether or not they are in position to ask that the judgment be reversed, and the cause remanded for another trial.

The judgment of the court from which the appeal was prosecuted specifically recites that the court having heard the plea in abatement, together with the evidence adduced thereon, concluded that the plea should be "in all things sustained." It further appears that the dismissal of the suit was predicated upon that conclusion. As noted in the original opinion, one of the grounds urged by appellees in abatement of the suit was that the Cattlemen's Trust Company was a de jure corporation duly incorporated under the laws of the state of Texas. Another ground was that if it was not a de jure corporation, it was, at least, a de facto corporation. If either of those propositions was true, it would not only abate plaintiffs' cause of action, but it would be a complete bar to any relief prayed for in plaintiffs' petition; and such being the court's ruling, it would have been entirely useless for plaintiffs to have asked for a postponement of the trial in order to allow them to get additional service of process, for it is altogether unreasonable to suppose that the court would have postponed the case in order to get additional service of process on a petition upon which, in the court's opinion, no recovery could be had of any character. In Bigham Bros. v. Port Arthur Channel & Dock Co., 100 Tex. 192, 97 S. W. 686, 13 L. R. A. (N. S.) 656, the judgment of the trial court was reversed and the cause remanded because the general demurrer to plaintiff's petition was improperly sustained. The trial court had also sustained special exceptions to the plaintiff's petition, and plaintiff had not asked leave to amend to meet those exceptions. In disposing of the case, our Supreme Court used the following language:

"Counsel for defendant in error insists that, although the court may have erred in sustaining the general demurrer, yet the judgment should not be reversed for that reason because some of the special exceptions were properly sustained and the plaintiffs did not amend their petition. The correct rule of practice is thus stated by Chief Justice Willie in the case of Everett v. Henry, 67 Tex. 405 [3 S. W. 567]: 'We think the petition showed a good cause of action against Henry, and that his general demurrer should not have been sustained. This renders it unimportant whether the special exceptions of the same defendant should have been sustained or overruled. If they were well taken, it would not have served any good purpose to amend the petition to meet the objections raised; for the court, having held the petition bad on general demurrer, would necessarily have dismissed it, though every special demurrer had been met and its force destroyed by a proper amendment.' That learned Chief Justice stated the same proposition even more tersely and forcibly in these words in Porter v. Burkett, 65 Tex. 383: 'What does it avail a plaintiff to fortify his petition against a special exception, when the court, in effect, holds that if he does so it is still bad on general demurrer? There can be no use in amending a petition in one particular, when, after amendment, it shows upon its face no cause of action.'"

See, also, Brown v. Davis, 178 S. W. 842, which is to the same effect.

In other words, the rule announced in those decisions was that if it reasonably appears that, even though the petition had been amended to meet valid special exceptions addressed thereto and sustained by the court, nevertheless the court would have dismissed plaintiff's suit because of the further ruling that the general demurrer to the petition should be sustained, then in order to secure a reversal of the judgment and a remand of the cause for a new trial, it was not necessary for plaintiff to show that but for such ruling on the general demurrer, he would have amended the petition to cure the defects pointed out by such special exceptions.

[5] While those decisions related to special exceptions, we can perceive no reason why that fact would preclude the application of the principle there announced to the present suit, with the same force and effect.

Appellees' motion for rehearing is overruled.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.