## ALEX H. DAVISON, DECEASED, IRENE L. DAVISON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22643. Promulgated October 13, 1949.

*Joseph Hartman, Esq.*, for the petitioners.
*Robert C. Whitley, Esq.*, for the respondent.

#### OPINION.

TURNER, *Judge*: This proceeding was heard on the respondent's motion to dismiss for lack of jurisdiction in so far as it relates to the

deficiency determined against Alex H. Davison, deceased. In support of his motion, it is the contention of the respondent that the petition was filed for the decedent by a person who has no authority to represent his estate.

On January 27, 1949, the respondent sent a notice to Alex H. Davison and Irene L. Davison, advising them of his determination of a deficiency of $1,719.27 in their income tax for 1945. The notice was addressed as follows:

Mr. Alex H. Davison,
Mrs. Irene L. Davison,
Husband and Wife,
1045 Hendricks Avenue,
Jacksonville, Florida.

Sir and Madam:

From the computation of the increased income upon which the deficiency was based and of the deficiency in tax itself, as shown in the deficiency notice, it appears that a single return, apparently a joint return, was filed by the parties. This return was filed with the collector for the district of Florida.

On April 22, 1949, a petition, captioned as is the instant report, was filed. In the petition, it is stated that Alex H. Davison was the husband of Irene L. Davison, that they resided at 1045 Hendricks Avenue, Jacksonville, Florida, that he died on January 31, 1949, and that no probate proceeding has been taken, nor administrator or executor appointed, for his estate. The petition contains two verifications. One is by Irene L. Davison for herself, as "One of Petitioners." The other is by her for Alex H. Davison, as "One of Petitioners (Deceased)." In the latter verification it is recited that she was the wife of Alex H. Davison at the time of his death, that there has been no probate proceeding respecting his estate and that therefore she is the proper and legal person to sign all necessary and required papers and legal documents for the protection of his estate, including the petition.

It is contended on behalf of the petitioners that, since the respondent determined a deficiency against and sent a deficiency notice to Alex H. Davison and Irene L. Davison jointly, and that since Alex H. Davison is dead, Irene L. Davison is the proper party to petition this Court in his behalf. It is further contended that under the Florida statutes no administration of the decedent's estate and no appointment of an administrator or executor therefor was necessary; that, if such had been necessary, Irene L. Davison, as surviving spouse, would be the person first entitled to letters of administration; and that, therefore, under the Florida statutes, she was the proper party to file a petition in behalf of the decedent. The respondent denies that the showing made here establishes that administration of the decedent's

estate was not required under the Florida statutes and contends that the proper party to file a petition in his behalf was a properly appointed and duly qualified administrator or executor for decedent's estate. The respondent makes no contention that the petition, in so far as it relates to Irene L. Davison's liability for the deficiency, was improper in any respect.

The Florida Statutes, 1947 Cumulative Supplement, section 735.04, provide that administration of testate and intestate estates may be dispensed with (1) when the entire estate is exempt from the claims of creditors under the constitution and statutes of the State of Florida, and (2) when the estate is not indebted and does not, in the judgment of the county judge, exceed in the aggregate $3,000 in value, exclusive of property exempt under the constitution and statutes of the State of Florida, and the beneficiaries agree upon a distribution of the estate without administration. Further, the statutes require that a petition be filed with the county judge for entry of an order that administration of the estate of the decedent is unnecessary. Sec. 735.05. After entry by the county judge of such an order, the petitioners for such order become personally liable, jointly and severally, for all lawful claims and demands against the estate of the decedent to the extent of the aggregate gross value of the estate. Property of the decedent which has been distributed following the entry of such order continues, in the hands of the distributees, to be liable for the debts of the decedent and for all the other claims against the estate of the decedent. The liability of the decedent's estate and those to whom it may be distributed for the obligations or liabilities of the decedent ceases after three years from the death of the decedent, unless in the meantime proceedings are taken for the enforcement of the same. Sec. 735.09. In the case of intestate estates, the surviving spouse ranks first in the statutory order of preference in the granting of letters of administration. Sec. 732.44.

In view of the foregoing, and since there is no allegation, or proof, of fact that an order has been entered by the county judge that administration of decedent's estate was not necessary, or that the decedent's entire estate was exempt from the claims of creditors, under the Florida constitution and statutes, or that the estate was not indebted and did not exceed $3,000 in value, exclusive of property exempt under the Florida constitution and statutes, and that the beneficiaries had agreed upon a distribution of the estate without administration, we are unable to conclude, as the petitioners contend, that administration of the decedent's estate was not necessary under the Florida statutes. Since there is nothing in the record to indicate whether the decedent died testate or intestate, we are likewise unable to conclude that Irene L. Davison would be entitled to the first preference in administering

the estate if administration were had of the decedent's estate. In this situation, we find no basis for holding that Irene L. Davison had authority, under Florida law, to represent the decedent or his estate and to file the petition herein in his behalf or in behalf of his estate.

Prior to the Revenue Act of 1938 husbands and wives living together were permitted to make separate returns of their respective incomes or to include their incomes in a single joint return. In the latter case, the tax was computed on the aggregate income. However, there was judicial conflict as to whether the liability of the spouses for the tax on such returns was both joint and several. Beginning with the Revenue Act of 1938 and continuing in the Internal Revenue Code, husbands and wives living together were still permitted to make separate returns of their respective incomes or to make a single joint return, with the tax, in the latter case, being computed on the aggregate income. But unlike in prior acts, a joint return was permitted even though one of the spouses had no gross income, and the liability of the spouses for the tax on a joint return was made joint and several. Sec. 51 (b), Revenue Act of 1938; sec. 51 (b), Internal Revenue Code. The legislative history of the provision imposing joint and several liability indicates that the single purpose of the provision was to set at rest the doubt which had theretofore arisen as to the existence of such liability in the case of joint returns. *Myrna S. Howell*, 10 T. C. 859; affd., 175 Fed. (2d) 240; *Eva M. Manton*, 11 T. C. 831.

Beginning with the Revenue Act of 1938, and continuing in the code, the income tax law provided with respect to notice of determination of a deficiency in the case of a joint return filed by husband and wife that such notice of deficiency might be a single joint notice, except where the Commissioner had been notified by one of the spouses that separate residences had been established, in which case, in lieu of the single joint notice, duplicate originals of the joint notice must be sent by registered mail to each of the spouses at his last known address. Sec. 272 (a), Revenue Act of 1938; sec. 272 (a), Internal Revenue Code. In explaining the purpose of such provision, the Ways and Means Committee Report on the Revenue Bill of 1938[1] contained the following:

Section 272 (a). Notice of Deficiency in Case of Joint Return

To conform to section 51 (b) of the bill, which expressly provides for joint and several liability in the case of a husband and wife who file a joint return, express provision is made in section 272 (a) of the bill for the sending of a joint notice of deficiency if the Commissioner in his discretion desires to send a joint notice instead of separate notices of the deficiency. This accords with the established procedure under the Revenue Act of 1936 and prior Acts. The committee feels, however, that, in the interests of fairness, an exception to such established procedure should be made in cases where, subsequent to the filing

[1] Ways and Means Committee Rept. No. 1860, 75th Cong., (3d) sess., p. 48.

of the joint return and prior to the notice of deficiency, the spouses have established separate residences and notice of such fact has been given to the Commissioner. The last sentence of section 272 (a) of the bill accordingly provides that a single joint notice may be sent in the general case but that, if the Commissioner has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, duplicate originals must be sent by registered mail to each of the spouses at his last known address.

While a joint and several liability for the tax on a joint return was imposed on the spouses by section 51 (b), and under section 272 (a) the Commissioner was authorized to send them a single joint notice of a determination of a deficiency, nothing in those sections or in their legislative history indicates that Congress, in the case of a joint return and a joint deficiency notice with respect thereto, intended to empower a surviving spouse to file a petition in behalf of the deceased spouse. In fact, the requirement of section 272 (a) that original duplicates of a joint notice be sent separately to the spouses where the Commissioner has been notified that they have established separate residences, indicates that Congress contemplated that each of the spouses would act in his own behalf in respect of any petition filed from such a joint notice. The contention of the petitioners that Irene L. Davison, as surviving spouse, was authorized to petition this Court in behalf of the decedent because a joint determination of deficiency was made and a joint deficiency notice was sent appears to have no support in the Internal Revenue Code.

Since the petitioners have not shown that under the law of Florida Irene L. Davison had authority to file a petition with respect to the decedent or his estate, and since it does not appear that the provisions of the Internal Revenue Code relating to joint returns and joint notices of deficiency empower her to do so, we conclude that the petition in the instant proceeding must be dismissed for lack of jurisdiction in so far as it relates to the deficiency determined against the decedent.

In a memorandum reply to the respondent's motion to dismiss, counsel for the petitioners had made a motion that, if the petition be found defective or insufficient as to Alex H. Davison, a period of sixty days be granted within which to file an amended petition. A motion of this character assumes that we already have before us a proper party petitioner. Since Alex H. Davison, who was the taxpayer, is not before us, and Irene L. Davison, the only party before us, has not been shown to be a person with proper authority to represent him or his estate, we have no petition which can be amended. Therefore, the petitioners' motion is denied. *Ruth Mintz Sack*, 36 B. T. A. 595.

An order will be entered in accordance herewith, dismissing the proceeding for lack of jurisdiction in so far as it relates to the deficiency determined against Alex H. Davison, deceased.