**Frederick LEVY, Jr. et al., Plaintiffs-Appellees,**

v.

**Abraham M. LIEBLING, Defendant-Appellant.**

**No. 11766.**

United States Court of Appeals Seventh Circuit.

Nov. 30, 1956.

Soll J. Schnitz, Chicago, Ill., for appellant.

Frank D. Mayer, Chicago, Ill., Leo F. Tierney, Louis A. Kohn, James C. Mallatt, Chicago, Ill., Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., of counsel, for appellees.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

MAJOR, Circuit Judge.

The Imperial Realty Company, a corporation incorporated under the laws of the State of Kentucky (hereinafter referred to as Imperial), by resolution adopted by its Board of Directors on March 23, 1942, determined to liquidate its business, and on November 28, 1942, a Certificate of Dissolution was recorded in the office of the Clerk of the County Court of Jefferson County, Kentucky. The sole stockholders at the time of dissolution were plaintiffs, Frederick Levy, Jr., Adelaide S. Miller and Maude B. Levy, now deceased. Plaintiff, The Liberty National Bank and Trust Company of Louisville, Kentucky, has succeeded to the interest of the deceased stockholder.

On August 29, 1939, there was entered by the Circuit Court of Cook County, Illinois, a money decree against Abraham M. Liebling (defendant in the instant action), then and now a citizen and resident of Cook County, Illinois, in favor of Imperial, representing a deficiency judgment in a mortgage foreclosure suit.

On June 14, 1955, plaintiffs filed in the District Court the present suit to recover $28,862.26, the amount then owing on said deficiency judgment, plus interest thereon and costs. On September 22, 1955, plaintiffs filed an amended complaint joining Imperial as a party-plaintiff, renewing their demand for judgment against defendant in favor of the individual plaintiffs or, in the alternative, in favor of Imperial.

On November 14, 1955, defendant filed his motion to quash the summons and dismiss the amended complaint, which, on February 1, 1956, was allowed as to Imperial for want of capacity to sue but denied as to individual plaintiffs, with leave to the defendant to answer. Defendant refused or neglected to answer within the time required, whereupon the court, on March 15, 1956, upon plaintiffs' motion entered a default judgment against defendant. From this judgment defendant appeals.

The gist of defendant's contention, as shown in his statement of contested issues, is that plaintiffs as former shareholders of Imperial lacked capacity to sue and that this inevitably follows from the fact that Imperial lacked such capacity, as held by the District Court. In connection with this contention it is argued that inasmuch as the capacity of Imperial to sue or be sued must be determined by the law of Kentucky, the laws of limitation of that State must be applied in determining the capacity of plaintiffs as former stockholders to sue. Stated another way by defendant, the issue is whether Illinois, which rendered the judgment in favor of a Kentucky corporation, since dissolved, will, when a remedy is sought by its former stockholders, apply its own laws of limitation.

Plaintiffs state the sole contested issue is whether the Illinois twenty-year statute of limitations relating to actions on judgments is applicable to a suit brought in Illinois on an Illinois judgment against an Illinois resident by former stockholders of a dissolved Kentucky corporation. Defendant apparently relies upon a Kentucky statutory provision entitled "Survival of remedy after dissolution," which provides that such dissolution "shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution, if suit thereon is commenced within two years after the date of such dissolution * *." K.R.S. 271.585. It may be noted, although perhaps not material, that Illinois has a statutory provision almost identical in terminology. Smith-Hurd Illinois Statutes, Chapter 32, Par. 157.94.

As noted, Imperial filed its Certificate of Dissolution November 28, 1942, and it appears plain that under the provision just quoted any action for or against it was limited to a two-year period. On expiration of that period it became extinct for all purposes and it no longer had the capacity to sue or be sued. We are unable to agree, however, for reasons subsequently shown, that this provision had a like effect or any effect upon the rights of plaintiffs as former sharehold-

ers of Imperial. The provision by its express language applies to "any right or claim existing, or any liability incurred prior to such dissolution." It is obvious that the right or claim of Imperial in the Chicago judgment against defendant existed prior to the time of its dissolution, but it is equally obvious that the right or claim of plaintiffs in suit was not in existence prior to that time.

For some reason not disclosed by the record and with which we need not be concerned, Imperial prior to the time of its dissolution or during the following two-year period in which it might have done so, took no action to recover from defendant on account of the Chicago judgment. As a result of its failure in this respect this property right vested in plaintiffs, then shareholders of Imperial. Thompson on Corporations, Vol. 8, 3rd Ed., Sec. 6541, states: " * * * The dissolution of a corporation does not terminate the property rights of the stockholders. The property of corporations becomes vested in its members and stockholders upon dissolution. The legal title of the property passes to them as tenants in common, or partners subject to corporate liability."

American Jurisprudence, Vol. 13, Sec. 412, page 465, states the rule as follows: " * * * the act of dissolution of a corporation works a change in the form of the interests of its members by destroying the stock and substituting the thing which the stock represented—that is, a legal interest in the property—and leaves the members to such a division of this." This statement was quoted with approval in Brooks v. Saloy, 334 Ill.App. 93, 100, 79 N.E.2d 97. The same principle is recognized by the courts of Kentucky. In Shadoin v. Sellars, 223 Ky. 751, 4 S.W.2d 717, 719, the Kentucky Court of Appeals, after citing numerous Kentucky cases, stated: "Under the rule announced in these cases when the corporation ceased to exist in 1914 the property then standing in its name vested in the stockholders." See also to the same effect Barrowman Coal Corp. v. Kentland Coal and Coke Co., 302 Ky. 803, 196 S.W.

2d 428, and Kash v. Lewis, 224 Ky. 679, 6 S.W.2d 1098.

Thus, we think it can hardly be open to doubt but that the stockholders, at the time Imperial became extinct for all purposes including the two-year period allowed by Kentucky law for the winding up of its business, acquired the title to and became the owners of the judgment which they now seek to enforce. Defendant's contention that the same limitation period which controlled Imperial's capacity to sue is also applicable to the stockholders would, if accepted, lead to the anomalous result of creating a bar to the capacity of the stockholders to sue at the same time they acquired title to and became vested with the ownership of the judgment. In other words, the stockholders of Imperial under this theory acquired a right which they could not from the beginning enforce.

Defendant in support of his thesis that "state's laws of limitation must be construed in determining the capacity of the surviving stockholders to sue," cites Craftsman Finance Mortgage Co., Inc. v. Brown, D.C., 64 F.Supp. 168, and Chicago Title and Trust Co. v. Forty-one Thirty-six Wilcox Bldg. Corp., 302 U.S. 120, 58 S.Ct. 125, 82 L.Ed. 147. These and other like cases which could be cited involve in one form or another derivative actions by stockholders seeking some claim or right for and on behalf of a dissolved corporation. The Wilcox case is illustrative, wherein former stockholders of a corporation which had been dissolved in accordance with the law of Illinois sought its reorganization under Section 77, sub. b of the Bankruptcy Act, 11 U.S. C.A. § 205, sub. b. The court held the proceeding could not be maintained on the basis that the corporation had previously become extinct under procedure prescribed by the law of the state which was controlling.

There is great contrast, however, between those cases and the one at bar wherein plaintiffs seek nothing for and on behalf of a corporation now extinct of which they were former stockholders but

seek a recovery upon a vested interest which they acquired by operation of law. In fact, this action was not brought by plaintiffs in their capacity as former stockholders of Imperial, as defendant in his brief so often states. The suit was brought in their individual capacity, and their status as former stockholders is immaterial other than to show the manner by which they acquired a right sufficient to authorize the maintenance of a suit.

Defendant in his reply brief states: "* * * we will admit at the outset that our position would be untenable, if, * * * the corporation, during the period of winding up its affairs, to which we have referred as 'corporate rigor mortis,' would have properly assigned its judgment * * *." In other words, defendant concedes that plaintiffs could maintain the instant action if they had acquired a vested right by reason of an assignment made by Imperial during the two-year period allowed it for winding up its business. We are unable to discern why plaintiffs' capacity to sue should be made to depend upon the manner in which they acquired title and a vested interest in the Chicago judgment. The title and interest which they acquired by operation of law was no different from that which they would have acquired by assignment.

■ It is thus our conclusion that plaintiffs were not lacking in capacity to sue because Imperial, of which they were former stockholders, after its dissolution lacked such capacity. Such being the situation, it follows almost as a matter of course that the limitation law of the forum, that is, of Illinois, must be applied. Defendant concedes as much in his brief. See, however, Seymour v. The Union News Co., 7 Cir., 217 F.2d 168, 170, and Chicago Board of Underwriters v. Industrial Commission, 332 Ill. 611, 615, 164 N.E. 216.

We have considered other minor contentions advanced by defendant which we find without merit or which, in any event, would not alter the conclusion which we have reached. No purpose could be served, therefore, in discussing such matters.

The judgment is

Affirmed.