*Decision will be entered under Rule 50.*

ESTATE OF CHARLES A. PETERSON, DECEASED, AND GEORGIA R. PETERSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5490–65. Filed February 28, 1966.

---

*M. S. Carneiro*, for the petitioners.
*Harold Friedman* and *Andrew S. Coxe*, for the respondent.

### OPINION

DAWSON, *Judge:* Charles A. Peterson and Georgia R. Peterson, husband and wife, filed a joint Federal income tax return for the year 1959 with the district director of internal revenue, Baltimore, Md., at a time when they lived in Hong Kong. Charles A. Peterson died on March 29, 1964, in Hong Kong. Georgia R. Peterson is the sole beneficiary of his estate. She now resides in Corpus Christi, Tex.

On June 18, 1965, the Commissioner mailed a notice of deficiency for the taxable year 1959 addressed to petitioners as follows:

> Estate of Charles A. Peterson, deceased, and Mrs. Georgia R.
>   Peterson, surviving wife
> c/o Erie H. Thompson
> 1001 Carmel Parkway, Apartment 54
> Corpus Christi, Texas

On September 14, 1965, a petition, captioned "Estate of Charles A. Peterson, deceased, and Georgia R. Peterson, surviving wife, Petitioners," was filed with this Court alleging certain errors in the notice of deficiency. The petition was verified in the following manner:

> Georgia R. Peterson, being duly sworn, says that her attorney has advised her that no administration of her deceased husband's estate is necessary, therefore, no appointment of an executor or administrator has been made; that she is the sole beneficiary of his estate; that by virtue of having filed a joint return she is liable for the full amount of any tax finally determined; that she is one of the petitioners above named; that she has read the foregoing petition, is familiar with the statements contained therein, and that the statements contained therein are true, except those stated to be upon information or belief, and that those she believes to be true.

On October 21, 1965, respondent filed a motion to dismiss for lack of jurisdiction as to the Estate of Charles A. Peterson, Deceased, and requested that the caption be changed accordingly. In support of his motion respondent states:

> 5. It does not appear based on the statement in the verification that petitioner Georgia R. Peterson is qualified as either a fiduciary or personal representative to bring or to authorize the bringing of a suit on behalf of the Estate of Charles A. Peterson, Deceased, and from the statement made in the verification attached to the petition it would appear that there is no other person with the capacity at this time to authorize the bringing of the suit on behalf of the estate. The

execution and verification of the petition are not in accord with Rules 6 and 7 and particularly Rule 7(d) [sic] of the Tax Court Rules of Practice.

6. The Tax Court does not have jurisdiction over the Estate of Charles A. Peterson, Deceased, since a petition has not been filed by a person duly authorized to institute an appeal on behalf of the decedent.

On November 1, 1965, the Court entered an order which provides, in part, as follows:

ORDERED that this case be dismissed for lack of jurisdiction as to the Estate of Charles A. Peterson, Deceased, unless petitioner on or before December 3, 1965, files objection to respondent's motion to dismiss setting forth facts, supported by documentary evidence which indicate that respondent's motion is not well founded, in which event the Court will take further action as appropriate.

On November 29, 1965, Georgia R. Peterson was appointed temporary administratrix of her husband's estate by the County Court of Nueces County, Tex., with specific power to act for the estate in this proceeding. And on December 3, 1965, the petitioners filed a motion for leave to file an amended petition to include the fiduciary of the Estate of Charles A. Peterson as a petitioner.

Respondent has pointed to Rule 6, Rules of Practice, which provides, in part, as follows:

A case in the Tax Court shall be brought by and in the name of the person against whom the Commissioner determined the deficiency (or liability, as the case may be), or by and in the full descriptive name of the fiduciary legally entitled to institute a case on behalf of such person.

In addition, Rule 7(c) (4) (D) provides that:

Verifications by fiduciaries shall contain a statement that the fiduciaries signing and verifying have authority to act for the taxpayer.

Under Rule 7(a) (2) the failure of a petition to comply with Rule 6 is a ground for dismissal of the case.

At the hearing on the motions, held January 12, 1966, counsel for respondent argued that his motion to dismiss as to the estate for lack of jurisdiction should be granted on the authority of *Alex H. Davison*, 13 T.C. 554 (1949). However, respondent now frankly acknowledges in his memorandum brief that what has occurred here is "closer to the situation in the *Estate of Harold L. Abell*, 5 T.C.M. 969 (1946), than to the case of *Alex H. Davison*, 13 T.C. 554 (1949)." We agree.

In *Abell*, the only case upon which the petitioners rely, the deficiency notice was mailed to Harold L. Abell on February 19, 1945, and he died on May 7, 1945. Within the 90-day period a petition was filed with this Court by an attorney authorized by the decedent's widow, who had been named executrix in her husband's will. Subsequently, but after the expiration of the 90-day period within which a petition could be filed, the widow was issued letters testamentary and filed an amended petition properly verified. The Commissioner moved to dis-

miss the proceeding for lack of jurisdiction since the original petition was not filed by anyone acting on behalf of the person to whom the deficiency notice was addressed or on behalf of his personal representative after death. We denied the motion because "the petition was filed by one authorized by the decedent's widow who was named as his executrix and thereafter ratified the acts of her agent in filing the original petition." One distinction, though not so critical as to require a different result, is that in *Abell* we were dealing with an executrix named in the will and later formally appointed by a court, while here we have a temporary administratrix.

In most instances the granting of letters testamentary or of administration relates back to the date of the decedent's death. See *Brewster* v. *Gage*, 280 U.S. 327 (1930); *Keown* v. *United States*, 191 F. 2d 438 (C.A. 8, 1951); *Ansley* v. *Baker*, 14 Tex. 607; 21 Am. Jur., Executors and Administrators, sec. 211; and 26 A.L.R. 1359. While the doctrine is a legal fiction and somewhat varied by State law, it is generally agreed that all previous acts of the representative are validated if they were beneficial to the estate and within the scope of his authority and were by their nature such that he could have performed them had he been duly qualified as personal representative at the time. See 26 A.L.R. at 1362–1363. Thus all acts for the benefit of the estate are ratified. The rule, of course, generally applies only where the same person who performed the acts prior to appointment is later formally appointed as the personal representative of the estate.

The case of *Alex H. Davison, supra*, is clearly distinguishable. There the surviving wife never subsequently qualified as administratrix of her husband's estate. Nor did she establish facts showing that, under Florida law, the administration of her husband's estate was unnecessary or that a petition to the county judge, as required by Florida law, for entry of an order that no administration of the estate was necessary was ever filed. Consequently, we granted a motion to dismiss for lack of jurisdiction insofar as it related to the deficiency determined against Alex H. Davison, deceased, because the surviving wife failed to show that she was "a person with proper authority to represent him or his estate." The facts here, as outlined previously, are far different.

We hold that proper authority exists in Georgia R. Peterson to act for the estate of her deceased husband in this proceeding by virtue of the "relation back" rule. Petitioners have complied with the provisions of Rule 6 and Rule 7(c)(4)(D). Cf. *Estate of Thomas E. Arnett*, 31 T.C. 320, 330 (1958); *Estate of John T. Eversole*, 39 T.C. 1113, 1115–1118 (1963); and *Estate of Nellie L. Rhodes*, 44 B.T.A. 1315 (1941). It is therefore unnecessary for us to decide whether Georgia R. Peterson, as surviving spouse, could act for the decedent's

estate under the principles enunciated in the *Estate of Lawrence E. Berry*, 41 T.C. 702, 704–706 (1964). Accordingly, respondent's motion to dismiss will be denied and petitioners' motion to file an amended petition will be granted.

*An appropriate order will be entered.*