SALLY MARILYN GARST TRUST, JOHN CHRYSTAL, TRUSTEE, AND SALLY MARILYN GARST HAERR, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Garst Trust v. Commissioner
Docket No. 11024-86.
United States Tax Court
T.C. Memo 1987-177; 1987 Tax Ct. Memo LEXIS 172; 53 T.C.M. (CCH) 506; T.C.M. (RIA) 87177; April 1, 1987. *172 R determined deficiencies against a trust, directing the notices of deficiency to the trustee (T). The trust had terminated and all assets had been distributed to the beneficiary (B) prior to the issuance of the notices of deficiency. A timely petition was filed on behalf of the trust by T and B and by B individually. Held, the trust as a nonexistent party cannot litigate before this Court. Thus, neither T nor B can file a petition on behalf of the trust. Held further, that B cannot file a petition in her individual capacity since no notice of deficiency or notice of liability was issued to her. Held further, that this matter is dismissed for lack of jurisdiction. Frank J. Carroll, for the petitioners. Julie Tamuleviz and Rogelio A. Villageliu, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Peter J. Panuthos for the purpose of hearing, consideration and ruling on respondent's Motion to Dismiss for Lack of Jurisdiction as to the Petitioner Sally Marilyn Garst Haerr and to Change Caption. [1] After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: This matter came before the Court on respondent's *175 Motion to Dismiss for Lack of Jurisdiction as to the Petitioner Sally Marilyn Garst Haerr and to Change Caption. Two notices of deficiency were issued on January 30, 1986. One notice relates to the taxable years 1974 and 1975 and the other notice concerns the taxable years 1977 through 1979. The notices were addressed to and determined deficiencies as follows: The Sally Marilyn Garst Trust, John Chrystal, Trustee, c/o Iowa Savings Bank, P.O. Box 75, Coon Rapids, Iowa 50058 Year
Deficiency
1974
$574.00
1975
$4,303.00
1977
$37,758.00
1978
$8,173.00
1979
$15.00
A timely petition was filed from both notices of deficiency on April 24, 1986 on behalf of the trust by the trustee and Sally Marilyn Garst Haerr, and by Sally Marilyn Garst Haerr, individually (hereinafter Haerr), the sole beneficiary and distributee of the trust assets. [2] The petition is executed by counsel on behalf of both petitioners. Respondent's motion is premised on the theory that Haerr does not have *176 the authority to litigate on behalf of the trust and has no cause of action individually because no liability has been asserted against her. The parties agree that for purposes of the pending motion, the trust was terminated prior to the issuance of the notices of deficiency. In light of this agreement, the Court raised the issue of whether the trust has capacity to commence and maintain an action in this Court. The Court ordered the parties to file Memorandum Briefs on the issues of (1) whether the trustee may litigate this case on behalf of the trust and (2) whether Haerr may litigate this case either individually or on behalf of the trust. The capacity of a fiduciary or other representative to litigate in this Court must be determined according to the law of the jurisdiction from which he derives his authority. Rule 60(c). The parties agree that there is no Iowa law authorizing a trustee to litigate on behalf of a trust after its termination. However, petitioners point to the Restatement of Trusts for the position that when the time for termination of a trust arrives, the trustee has such powers and duties as are appropriate for winding up the trust. 1 Restatement, Trusts 2d, section 344 *177 (1957). However, comment A to section 344 states that "the period for winding up a trust is the period after the time for termination of the trust has arrived and before the trust is terminated by the distribution of the trust property." Here, the parties agree that all trust property was distributed to Haerr on December 30, 1983. [3] Thus, any "winding up powers" the trustee had, ceased on December 30, 1983. It is a fundamental prerequisite to the existence of a trust that there be a trust corpus consisting of real or personal property. 1 Restatement, Trusts 2d, section 74 (1957). Here, because all trust property has been distributed to the beneficiary, the trust has ceased to exist. A trust which has ceased to exist, no longer possesses the capacity to litigate. Harold Patz Trust v. Commissioner,69 T.C. 497, 501 (1977); Main-Hammond Land Trust v. Commissioner,17 T.C. 942 (1951), *178 affd. 200 F.2d 308 (6th Cir. 1952); Fancy Hill Coal Works v. Commissioner,2 B.T.A. 142 (1925). "The Tax Court has no jurisdiction to entertain a proceeding purporting to be brought by a nonexistent party." Harold Patz Trust v. Commissioner,supra at 501; National Committee to Secure Justice in the Rosenberg Case v. Commissioner,27 T.C. 837, 839 (1957). [4]
Petitioners acknowledge that there is no Iowa law authorizing a beneficiary to litigate on behalf of a trust. But, they argue, based on the Restatement of Trusts, that if the trustee does not have the capacity to litigate, then Haerr may litigate this case if necessary to protect her interest. See 2 Restatement, Trusts 2d, section 282(3) (1957). We find that inasmuch as all trust property has been distributed and the trust terminated, Haerr no longer has an interest in the trust to protect. Thus, she does not have *179 the capacity to litigate on behalf of the trust. Nor may Haerr maintain this action in her own behalf. Petitioners argue that since Haerr is contractually obligated to pay any tax liability asserted against the trust and since she is the sole transferee of the trust assets, she is a proper party to litigate this matter. [5] This Court has limited authority and may exercise jurisdiction only to the extent expressly provided by Congress. Section 7442; Kluger v. Commissioner,83 T.C. 309 (1984). Our jurisdiction is premised upon the issuance of a notice of deficiency or notice of liability and the filing of a timely petition by the taxpayer. Sections 6212, 6213, and 6901; Medeiros v. Commissioner,77 T.C. 1255, 1260 (1981); Rule 13(a). In this case, no notice of deficiency or notice of liability has been issued by respondent to Haerr. We conclude that neither the trustee nor Haerr may petition this Court on behalf of the trust. Nor may Haerr petition this Court in her own behalf in this matter. *180 For the reasons stated herein, respondent's Motion to Dismiss for Lack of Jurisdiction as to Petitioner Sally Marilyn Garst Haerr and to Change Caption, will be granted, in that, this matter is dismissed for lack of jurisdiction as to Sally Marilyn Garst Haerr; this case is also dismissed, sua sponte, for lack of jurisdiction as to the Sally Marilyn Garst Trust. [6]
An appropriate order will be entered.
Footnotes
1. This case was assigned pursuant to section 7456 (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At the time of filing the petition herein, the beneficiary resided at 761 42nd Avenue, San Francisco, California. From the record, it is not clear where the trustee resided.↩
3. Under the definition in comment A of the Restatement, the period for winding up the affairs of this trust was February 14, 1983 (the time for termination of the trust) to December 30, 1983 (the date the trust was terminated by distribution of all trust property).↩
4. We have similarly ruled that a dissolved corporation does not have capacity to file a petition under Rule 60(c). Bloomington Transmission Services v. Commissioner,87 T.C. 586↩ (1986).
5. By an instrument dated December 30, 1983, Sally Marilyn Garst Haerr agreed to "pay any and all taxes * * * assigned or billed to the trust."↩
6. Dismissal of this proceeding will not necessarily deprive the trustee or Haerr from a determination of the merits of the liability if respondent proceeds against them under sections 6901 through 6903.↩