ESTATE OF ELDEAN W. HUGHEY, FIRST NATIONAL BANK AND TRUST COMPANY, FIDUCIARY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Hughey v. Commissioner
Docket No. 29435-86.
United States Tax Court
T.C. Memo 1987-383; 1987 Tax Ct. Memo LEXIS 381; 54 T.C.M. (CCH) 41; T.C.M. (RIA) 87383; August 4, 1987. *381 R determined an income tax deficiency against an estate, directing the notice of deficiency to the executor (E). The estate was closed and all assets had been distributed to the beneficiary (B) prior to the issuance of the notice of deficiency. Held, B cannot file a petition as he is not an authorized representative of the estate. Held further, that B is not an executor within the meaning of section 2203. Held further, that there has been no ratification of the original petition. Held further, that this matter is dismissed for lack of jurisdiction. Walter Rocker, for the petitioner. Mark E. Bohe and Marsha Keys for the respondents. PANUTHOS
MEMORANDUM OPINION PANUTHOS, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. [1] The sole issue for consideration is whether Samuel Rose (hereinafter Rose), as sole legatee and devisee of a decedent's estate, has authority to bring this action on behalf of the Estate *383 of Eldean W. Hughey (hereinafter the Estate) under Rule 60(c). The First National Bank and Trust Company of Muskogee, Oklahoma (hereinafter Bank) in its capacity as fiduciary of the Estate, filed a fiduciary income tax return for the period ended January 31, 1983. The notice of deficiency, dated April 15, 1986, determined a deficiency in Federal income tax for the period ended January 31, 1983 in the amount of $ 2,965.87. The primary adjustment is the disallowance of a claimed partnership loss. A timely petition was filed with the Court on July 15, 1986. [2] The petition is executed solely by Rose. The facts do not appear to be in dispute. The Ban served as Executor of the Estate. The *384 Estate was administered under the laws of the State of Oklahoma. Under applicable Oklahoma law, Rose was declared the sole legatee and devisee of the Estate. Pursuant to a Decree of Distribution, dated June 22, 1983, Rose received the net assets of the Estate. Subsequently, the Bank filed a final accounting and showed there were no further acts for the Bank to perform as Executor. On August 31, 1983, the District Court of Haskell County, Oklahoma, declared the Estate to be fully distributed. The court further declared that the Bank, as Executor, was fully discharged from all further duties. The Letters Testamentary were thereby vacated. The notice of deficiency was sent to the Bank, as Executor, on April 15, 1986. Rose emphasizes that since he is the sole legatee and devisee of the Estate, he will bear the burden of any deficiencies found to be due and owing and, therefore, is a proper party. In the alternative, Rose argues that respondent's statutory notice was invalid. Respondent's position is that Rose has not established that he is authorized to act on behalf of petitioner and, therefore, is not the proper party to sign the petition or otherwise represent the Estate. *385 We must decide whether Rose is a party over whom this Court has jurisdiction. The burden of proof is on petitioner. Harold Patz Trust v. Commissioner,69 T.C. 497, 503 (1977). It is well settled that the Court is without jurisdiction unless the petition is filed by the taxpayer or someone authorized to act on his behalf. Fehrs v. Commissioner,65 T.C. 346, 348 (1975). [3] Rule 60 states that a case will be brought by the person against whom the Commissioner determined the deficiency or by the fiduciary entitled to institute a case on behalf of such person. Rule 60(a)(1). The capacity of a fiduciary is determined in accordance with the law of the jurisdiction from which the fiduciary derives his authority. Rule 60(c). Therefore, local law determines who may represent a decedent's estate before this Court. Thus, Rose must establish that he is a fiduciary or other representative authorized by the laws of Oklahoma to bring suit on behalf of the Estate. Fehrs v. Commissioner, supra at 349; Davison v. Commissioner,13 T.C. 554, 558 (1949). *386 Under Oklahoma law, a person or heir must possess Letters Testamentary issued by an Oklahoma court before such person or heir can legally represent the deceased or his estate. Okla. Stat. Ann. tit. 84, section 17 (West 1970). There is not indication that Rose has ever possessed such Letters Testamentary. Rose, therefore, cannot petition this Court in the name of the Estate. Neither can Rose, as the party in possession of the Estate's assets, be considered an "executor" under Internal Revenue Code section 2203. That section states: The term "executor" whenever it is used in this title in connection with the estate tax imposed by this chapter means the executor or administrator of the decedent, or, if there is no executor or administrator appointed, qualified, and acting within the United States, then any person in actual or constructive possession of any property of the decedent. [Emphasis added.] Since the deficiency in the instant case involves the Federal income tax of the Estate and not the Federal estate tax, section 2203 is inapplicable. Gump v. Commissioner,124 F.2d 540, 544 (9th Cir. 1941), *387 affg. 42 B.T.A. 197 (1940). Rose's second argument concerns Subtitle F of the Internal Revenue Code, which addresses Code procedures and the administration of the Internal Revenue laws. Petitioner states that respondent's statutory notice is invalid, because the statutory notice was sent to the Bank after the Bank had been dischared as Executor of the decedent's Estate. Petitioner cites Gillespie v. Commissioner, a Memorandum Opinion of this Court dated December 5, 1946 (5 T.C.M. 1028, 15 P-H Memo T.C. par. 46,285). In Gillespie, the Court held that a statutory notice was invalid when it was sent to a fiduciary after the Internal Revenue Service had received written notice of the discharge of the fiduciary. The taxpayer in Gillespie had notified the Internal Revenue Service of his appointment as a fiduciary of the Estate in 1941, as well as of his discharge as a fiduciary in 1943. Gillespie v. Commissioner, supra 5 T.C.M. at 1029, 15 P-H Memo T.C. par. 46,285 at 46-989. Notice to the Secretary of fiduciary capacity and discharge is required. Section 6903(a). The manner of notice is set forth in regulations prescribed by the Secretary. *388 Section 6903(b). Section 301.6903-1(b), Proced. and Admin. Regs., states in part that notice of termination must be in writing and supplemented by satisfactory evidence of the termination of the fiduciary capacity. In the present case, although the Bank was discharged of its fiduciary relationship by the local Oklahoma court, no written notice of termination was given to respondent. Therefore, the notice was properly sent to the Bank as fiduciary. Sanborn v. Helvering,108 F.2d 311 (8th Cir. 1940), affg. 39 B.T.A. 721 (1939); Fehrs v. Commissioner, supra at 351; Krueger v. Commissioner,48 T.C. 824, 832 (1967). [4]
In the Response, filed December 3, 1986, the Bank attempted to amend the petition. This amended petition was not filed within the required 90-day period following the issuance of the statutory notice. Rule 13(c); section 6213. However, a party is permitted to ratify a timely though imperfect petition if the party proves that an individual authorized to act on its behalf filed the original timely petition. Holt v. Commissioner,67 T.C. 829, 832-833 (1977); *389 Fletcher Plastics, Inc. v. Commissioner,64 T.C. 35, 37 (1975); Carstenson v. Commissioner,57 T.C. 542 (1972). Since the Bank has not proved that it authorized Rose to file the original petition, no ratification has taken place. [5]Hoj. v Commissioner,26 T.C. 1074, 1075-1076 (1956). For the reasons stated herein, respondent's Motion to Dismiss for Lack of Jurisdiction will be granted. An appropriate order will be entered.
Footnotes
1. This case was heard pursuant to section 7456 (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. At the time of filing the petition, Rose resided at Stigler, Oklahoma. The Estate had been administered by the District Court of Haskell County, Oklahoma. ↩
3. See also Sally Marilyn Garst Trust v. Commissioner,T.C. Memo. 1987-177; Elms Securities Corp. v. Commissioner,T.C. Memo. 1987-162↩. 4. See also Estate of Coates v. Commissioner,T.C. Memo. 1986-574↩. 5. While the Bank alleges that it believed Rose was the proper party to file the petition, such belief does not create an authorization to file a petition on the Bank's behalf. ↩