T.C. Memo. 2000-261


UNITED STATES TAX COURT


ABRAHAM LINCOLN OPPORTUNITY FOUNDATION, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4436-99X.              Filed August 17, 2000.


<u>Amber Wong Hsu</u>, for petitioner.

<u>Mark A. Ericson</u> and <u>Laurence D. Ziegler</u>, for respondent.


MEMORANDUM OPINION


CHIECHI, <u>Judge</u>:  This case is before us on respondent's motion to dismiss for lack of jurisdiction (respondent's motion) filed on May 22, 2000.  On June 21, 2000, petitioner filed a response to that motion (petitioner's response).  On July 14, 2000, respondent filed a reply to petitioner's response (respondent's reply).

Respondent represents in respondent's motion, and petitioner agrees or does not dispute in petitioner's response, (1) that petitioner ceased all operations and dissolved under the laws of the State of Colorado in 1995 and (2) that on March 5, 1999, when the petition in this case was filed, all relevant periods of limitations for any potential tax liability of petitioner and/or its contributors had expired with respect to 1990 through 1994, the years to which respondent's notice of revocation issued on December 7, 1998 (respondent's notice of revocation) and that petition relate.[1]  According to respondent, the two foregoing undisputed factual allegations

> clearly renders [sic] this case moot since any decision rendered by this Court as to whether or not petitioner was an I.R.C. § 501(c)(3) organization during the period at issue will have no effect on past contributions to petitioner and, "[s]ince petitioner has dissolved itself, any questions concerning the future deductibility of contributions by its donors do not exist . . . ." National Republican Foundation, T.C. Memo. 1988-336.
>
> 9.  Accordingly, this case is moot and should be dismissed for lack of jurisdiction since there is no actual controversy with respect to any issue in the case.

With respect to the dissolution of petitioner under the laws of the State of Colorado that petitioner concedes occurred in 1995, petitioner argues in petitioner's response:

---

[1]According to petitioner, there is no tax exposure to anyone, either to petitioner or to any individual and corporate donors to petitioner, resulting from respondent's notice of revocation.

Whether or not Petitioner lacked legal capacity to file Tax Court petitions is based on the law of the jurisdiction in which it was organized – Colorado. See, <u>Starvest US, Inc. v. Commissioner</u>, 78 TCM 475 (1999). Colorado law states that "dissolution of a corporation does not prevent commencement of a proceeding by or against the corporation in its corporate name." Colo. Rev. Stat. Sec. 7-114-105(2)(e). Thus, Petitioner, is not barred from commencing this proceeding simply because its corporate status has been dissolved; if actual tax dollars were involved, there would be no question it would have a right to proceed. * * *

In respondent's reply, respondent agrees with petitioner that "state law controls whether a dissolved corporation has the legal capacity to be a petitioner in a tax deficiency case". However, according to respondent,

this point is irrelevant to the determination of whether an actual controversy exists for the purposes of I.R.C. § 7428 and/or Tax Court Rule 210(c)(2)(C). A deficiency proceeding clearly involves an actual controversy even when a dissolved corporation is the petitioner since an actual tax liability is at issue. In the instant case, there is no actual controversy since the petitioner ceased its corporate existence more than four years prior to filing the petition and all relevant statutes of limitations have expired with regard to any potential tax liabilities. * * *

We need not decide whether this case should be dismissed for lack of jurisdiction on the ground advanced by respondent that there is no actual controversy in this case for purposes of section 7428.[2] That is because we find on the instant record that this case must be dismissed for lack of jurisdiction on the

_____

[2]All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.

ground that under the laws of the State of Colorado petitioner does not have the capacity to engage in litigation in the Court.[3] See Rule 60(c).

Although respondent does not dispute petitioner's contention that under the laws of the State of Colorado petitioner "is not barred from commencing this proceeding simply because its corporate status has been dissolved", we do. In advancing that contention, petitioner relies on Colo. Rev. Stat. sec. 7-114-105(2)(e) (1999), which was in effect when petitioner claims it dissolved in 1995 and when petitioner filed the petition in this

---

[3]We also find on the record before us that petitioner is not interested in prosecuting, and has thus far failed to prosecute, this case in order to attempt to obtain the only remedy available to it under sec. 7428, i.e., a declaration with respect to petitioner's continuing qualification as an organization described in sec. 501(c)(3). We further find on that record that petitioner is not interested in pursuing its request in the petition "that this Court issue a declaratory judgment declaring that Petitioner is recognized as an organization described in section 501(c)(3) of the Code for the years in issue [1990 through 1994]". Instead, petitioner asks this Court, as it did in petitioner's motion to dismiss filed on Feb. 10, 2000 (petitioner's Feb. 10, 2000 motion to dismiss), to order respondent to annul or withdraw respondent's notice of revocation on the ground that respondent abused respondent's discretion in issuing that notice. According to petitioner, if we were to issue an order "requiring Respondent's annulment of Petitioner's revocation letter, Petitioner will move to dismiss its own Petition." Assuming arguendo that we were not required to dismiss this case for lack of jurisdiction, what we stated in the Court's Order dated Apr. 17, 2000, denying petitioner's Feb. 10, 2000 motion to dismiss, would pertain here: "Such summary determination [sought by petitioner] cannot be made on the record. The remedy available to petitioner in the event that respondent abused his discretion in issuing the notice of revocation is a declaratory judgment as sought in the original petition."

case.  However, the provision of Colorado law on which petitioner relies, which is a provision contained in the Colorado Business Corporation Act, did not apply to petitioner at those times or at any other time since it was incorporated.  The administrative record, which was filed in this case on August 18, 1999, establishes that petitioner was incorporated in 1984 under the Colorado Nonprofit Corporation Act.  Consequently, it was subject to the Colorado Nonprofit Corporation Act, and not to the Colorado Business Corporation Act.

As pertinent here, section 7-26-120 of the Colorado Nonprofit Corporation Act, Colo. Rev. Stat. Ann. sec. 7-26-120 (West 1990) (repealed 1998), entitled "Survival of remedy after dissolution", provided in pertinent part:

> (1) The dissolution of a corporation in any manner shall not take away or impair any remedy available to or against such corporation, its directors, officers, or members for any right or claim existing or any liability incurred prior to the dissolution if action or other proceeding thereon is commenced within two years after the date of the dissolution; but the foregoing limitation shall not apply to any such action affecting the title to real estate.  Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name.  The members, directors, and officers have power to take such corporate or other action as shall be appropriate to protect the remedy, right, or claim.
> * * *
>
> (2) Notwithstanding any provision of articles 20 to 29 of this title to the contrary, after dissolution, title to any corporate property not distributed or disposed of in the dissolution shall remain in the corporation. The majority of the surviving members of the last acting board of directors as named in the files of the

secretary of state pertaining to such corporation shall have full power and authority to sue and be sued in the corporate name and to hold, convey, and transfer such corporate property, and, for purposes of suit against the corporation, each such director shall be deemed an agent for process. * * *

On the record before us, we find that petitioner has failed to establish that, when, as the parties agree, petitioner dissolved in 1995,[4] it retained any property, let alone any real property. We conclude on that record that petitioner was required by Colo. Rev. Stat. Ann. sec. 7-26-120(1) (West 1990) (repealed 1998) to commence an action for any right or claim that it had as of the time of its dissolution in 1995 within two years after the date of that dissolution.[5] The petition in this case was filed on March 5, 1999. On the record presented, we conclude

[4]Although the record in this case establishes that the board of directors of petitioner adopted a resolution on Jan. 3, 1995, authorizing dissolution of petitioner and that petitioner filed a "STATEMENT OF INTENT TO DISSOLVE OF A COLORADO NONPROFIT CORPORA-TION" with the secretary of state of Colorado on or after that date, the record does not establish the date in 1995 on which petitioner was considered to be dissolved under the laws of the State of Colo.

[5]The two-year limitation in Colo. Rev. Stat. Ann. sec. 7-26-120(1) (West 1990) (repealed 1998) was repealed when the Colo. Rev. Nonprofit Corp. Act was enacted. See Colo. Rev. Stat. sec. 7-134-105(3)(d)(1999). However, the Colo. Rev. Nonprofit Corp. Act applies only to "existing corporate entities", i.e., entities in existence on June 30, 1998, the day before the effective date of the Colo. Rev. Nonprofit Corp. Act, which were incorporated under the Colo. Nonprofit Corp. Act that was in effect prior to July 1, 1998. See Colo. Rev. Stat. sec. 7-137-101(1)(a) and (2) (1999). Petitioner agrees that it was not in existence on June 30, 1998. Consequently, petitioner was not subject to any of the provisions of the Colo. Rev. Nonprofit Corp. Act, including Colo. Rev. Stat. sec. 7-134-105(3)(d)(1999).

that petitioner does not have the capacity under the laws of the State of Colorado to engage in litigation in the Court.  See Colo. Rev. Stat. Ann. sec. 7-26-120 (West 1990) (repealed 1998). Accordingly, we conclude that this case must be dismissed for lack of jurisdiction.  See Rule 60(c); <u>Bloomington Transmission Serv., Inc. v. Commissioner</u>, 87 T.C. 586 (1986); <u>Dillman Bros. Asphalt Co. v. Commissioner</u>, 64 T.C. 793 (1975); <u>Great Falls Bonding Agency, Inc. v. Commissioner</u>, 63 T.C. 304 (1974).[6]

To reflect the foregoing,

<u>An appropriate order will be entered</u>.

---

[6]See also <u>Tezak Constr. Co. v. Commissioner</u>, T.C. Memo. 1993-208.